IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 121,888

DALE M.L. DENNEY,
*Appellant*,

v.

JOE NORWOOD,
*Appellee.*

SYLLABUS BY THE COURT

1.

Proceedings on a petition for writ of habeas corpus filed under K.S.A. 60-1501 are not subject to ordinary rules of civil procedure.

2.

Courts should not apply K.S.A. 2020 Supp. 60-212(b)(6) or K.S.A. 2020 Supp. 60-256 when evaluating a motion to summarily dismiss a petition for habeas corpus under K.S.A. 60-1501.

3.

Chapter 60, Article 15 of Kansas Statutes Annotated sets out the procedures and standards applicable to the disposition of a petition for habeas corpus under K.S.A. 60-1501.

**4.**

The remedy K.S.A. 60-1501 provides is not limited to contesting the legality of confinement; a K.S.A. 60-1501 petition also provides a procedural means for challenging the mode and conditions of confinement where mistreatment and denial of constitutional rights are alleged.

**5.**

Chapter 60, Article 15 of Kansas Statutes Annotated contemplates two possible paths to adjudicate a K.S.A. 60-1501 petition. First, when presented with the petition for a writ of habeas corpus, the court may determine from the face of the petition and any attached exhibits that the petitioner is entitled to no relief and deny the petition summarily. Second, the court may determine from the petition and attached exhibits that the petitioner may have a right to relief, in which case the court should issue a writ of habeas corpus, appoint counsel, order the respondent to file an answer, hold a hearing, and determine the cause.

**6.**

K.S.A. 2020 Supp. 60-1503(a) does not specify the type of hearing required to adjudicate an inmate's habeas corpus petition—the judge is merely required to proceed in a summary way to hear and determine the cause. Yet the statutory scheme permits at least two types of hearings on the path to final resolution. First, K.S.A. 2020 Supp. 60-1505(a) expressly contemplates a non-evidentiary hearing, i.e., a preliminary habeas corpus hearing, focusing on the motion, files, and records of the case. If the court determines that the motion, files, and the records of the case conclusively show that the inmate is entitled to no relief, then the court shall dissolve the writ. If the court cannot determine from the motion, files, and records that petitioner is entitled to no relief, the district court may conduct an evidentiary hearing (either in addition to or in lieu of the preliminary habeas corpus hearing) and make appropriate findings of fact and conclusions of law in support of its judgment.

2

7.

When a district court summarily dismisses a K.S.A. 60-1501 petition based only on the motion, files, and records, appellate courts are in just as good a position as the district court to determine the merits. As a result, an appellate court's review is de novo.

8.

When the district court dismisses a K.S.A. 60-1501 petition after holding an evidentiary hearing and making findings of facts and conclusions of law, appellate courts review the district court's factual findings for substantial competent evidence and the legal conclusions de novo.

9.

An inmate alleging a violation of constitutional rights in a habeas corpus proceeding carries the burden of proof.

Review of the judgment of the Court of Appeals in an unpublished opinion filed June 19, 2020. Appeal from Labette District Court; JEFFRY L. JACK, judge. Opinion filed March 11, 2022. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Lucas J. Nodine*, of Nodine Legal, LLC, of Parsons, argued the cause and was on the brief for appellant.

*Fred W. Phelps Jr.*, deputy chief legal counsel, Kansas Department of Corrections, argued the cause, and *Joni Cole*, legal counsel, El Dorado Correctional Facility, was on the brief for appellee.

The opinion of the court was delivered by

WALL, J.: This case requires us to clarify the legal and procedural framework governing the adjudication of petitions for writ of habeas corpus under K.S.A. 60-1501 et

seq., a statutory scheme that enables inmates to challenge the mode or condition of their confinement.

Dale M.L. Denney, an inmate at El Dorado Correctional Facility, petitioned for writ of habeas corpus against Joe Norwood (Secretary), who was the Secretary of Corrections at the time. In his petition, Denney challenged the Kansas Department of Corrections' (KDOC) decision to classify and manage him as a sex offender. That classification affects an inmate's visitation rights and access to work and treatment programs, among other conditions and benefits.

Denney alleged that KDOC classified him as a sex offender based on its mistaken belief that Denney falls within the definition of an offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq. The Secretary filed an "Answer To Writ of Habeas Corpus And Motion To Dismiss," with supporting documentary evidence attached. In this consolidated filing, KDOC claimed it properly classified Denney as a sex offender under its internal policies, not KORA.

The district court granted the Secretary's motion and dissolved the writ of habeas corpus. Relying on evidence the Secretary attached to its filings, the district court found that Denney was properly classified as a sex offender under KDOC policy, rather than KORA. While at least one prison official had informed Denney that KDOC based its classification decision on KORA, the district court found the prison official's statement was simply mistaken and ultimately harmless.

A panel of the Court of Appeals affirmed the district court's ruling. The panel construed and analyzed the Secretary's motion as a motion to dismiss for failure to state a claim for relief under K.S.A. 2020 Supp. 60-212(b)(6). Under that standard, when matters outside the pleadings are presented in support of a motion to dismiss for failure to state a claim for relief, the district court must treat the motion as one for summary judgment

4

under K.S.A. 2020 Supp. 60-256. See K.S.A. 2020 Supp. 60-212(d). The panel held that the documents attached to the Secretary's filings "should be deemed attachments to his answer" rather than "part of his motion to dismiss." *Denney v. Norwood*, No. 121,888, 2020 WL 3393773, at *3 (Kan. App. 2020) (unpublished opinion). So construed, the panel concluded that the district court did not have to convert the Secretary's motion to dismiss into a motion for summary judgment. Alternatively, the panel concluded that any error was harmless. 2020 WL 3393773, at *3-4.

The panel erred by analyzing the district court's ruling under K.S.A. 2020 Supp. 60-212. Habeas corpus proceedings are governed by Article 15 of Chapter 60 of the Kansas Statutes Annotated. Through these statutory provisions, the Legislature has created a self-contained scheme that sets forth the procedural and substantive rules governing the disposition of an inmate's request for habeas corpus relief under K.S.A. 60-1501. As a result, habeas corpus proceedings are not subject to ordinary rules of civil procedure, and neither K.S.A. 2020 Supp. 60-212 nor K.S.A. 2020 Supp. 60-256 provide an appropriate legal framework for analyzing Denney's petition or the Secretary's motion to dismiss the same.

Even so, we affirm the panel's judgment, although on different grounds, because the record establishes that no cause for granting a writ exists and summary dismissal is proper under K.S.A. 2020 Supp. 60-1505. Thus, the district court did not abuse its discretion by summarily dismissing Denney's petition, and we affirm the judgment of the Court of Appeals.

FACTS AND PROCEDURAL BACKGROUND

Denney filed his K.S.A. 60-1501 petition while incarcerated at a satellite unit of El Dorado Correctional Facility in Oswego. He is serving sentences for 1993 convictions of aggravated sexual battery, aggravated criminal sodomy, and an aggravated weapons

5

violation. He committed those offenses while on parole for 1988 convictions for aggravated burglary and rape. For his 1993 convictions, the district court sentenced Denney to life imprisonment with no chance of parole for 30 years for aggravated criminal sodomy and a consecutive controlling sentence of 6 to 20 years for the other convictions.

Denney's petition alleged that KDOC relied on KORA to classify and manage him as a sex offender within the prison. He attached several exhibits supporting that claim. An inmate-request form from March 2017 informed Denney that KDOC uses the "Offender Registration Requirements KSA - 22-4901" to manage inmates as sex offenders. A 2006 form showed that KDOC was managing Denney as a sex offender because it was "Determined By Statute." And a 2011 form stated that Denney was "Managed as a Sex Offender due to Statutory determination."

Denney argued that KDOC lacked authority to manage him under KORA because none of the definitions of "sex offender" under K.S.A. 2016 Supp. 22-4902(b) applied to him. Denney contended that his convictions did not qualify under K.S.A. 2016 Supp. 22-4902(b)(1), which defines a sex offender as somebody convicted of a sexually violent crime on or after April 14, 1994. Because Denney was convicted of a sexually violent crime before April 14, 1994, he argued that KDOC's decision to classify and manage him as a sex offender within the prison violated his federal constitutional right to due process. He asked the district court to enter a declaratory judgment that KORA does not apply to him and further order KDOC to stop managing him as a sex offender altogether.

The district court reviewed Denney's petition and made an initial determination that he may have a right to relief. The court therefore issued a writ of habeas corpus and ordered the Secretary to file an answer within 20 days. See K.S.A. 2020 Supp. 60-1503(a) (directing judge to issue the writ and order an answer if judge finds the petitioner

6

may have a right to relief). It also appointed counsel to represent Denney in the proceedings.

In his combined answer and motion to dismiss, the Secretary alleged that KDOC was managing Denney as a sex offender under section 11-115A of KDOC's Internal Management Policy Procedure (IMPP), not under KORA. Under that KDOC policy, inmates may be managed as sex offenders if they have "a current conviction for which s/he is incarcerated that is a sex offense." The Secretary attached the policy as an exhibit. He also attached a copy of Denney's entry on the Kansas Adult Supervised Population Electronic Repository, which showed that Denney was currently incarcerated for several sex offenses. The Secretary requested the district court dismiss Denney's petition.

Several months later, the district court held a hearing on Denney's petition. The court heard arguments from both counsel, and Denney was allowed to address the court. The court reviewed the petition, answer, and their attachments. It also reviewed a "trial brief" that Denney's court-appointed attorney had filed. No other evidence was admitted. Following the hearing, the district court dismissed Denney's K.S.A. 60-1501 petition. Denney moved for reconsideration, and the district court held another hearing on that motion. The district court denied Denney's motion for reconsideration, concluding "there is no actual difference in the management of a prisoner as a sex offender . . . under KORA or under the IMPP."

Denney appealed to the Court of Appeals and raised three arguments. First, Denney argued that KDOC had, in fact, classified and managed him as a sex offender under KORA, not IMPP. Second, Denney argued that IMPP 11-115A did not apply to him because KDOC did not comply with that policy's notice requirements. And third, Denney argued that he has a liberty interest in his classification as a sex offender within KDOC and that this issue required a remand to the district court for more fact-finding.

But before reaching those issues, the Court of Appeals noted a potential error with the district court's ruling. The panel noted that the Secretary had asked the district court to dismiss Denney's petition because Denney had "failed to state a claim upon which relief can be granted." Based on this language, the panel construed the Secretary's filing as a motion under K.S.A. 2020 Supp. 60-212(b)(6) to dismiss Denney's claims for failure to state a claim upon which relief can be granted. But the panel observed that "'[i]f, on a motion under subsection (b)(6) or (c), matters outside the pleadings are presented to and not excluded by the court, *the motion must be treated as one for summary judgment under K.S.A. 60-256, and amendments thereto*.'" 2020 WL 3393773, at *2.

Because the Secretary had asked the district court to dismiss Denney's petition and had attached several exhibits to his combined answer and motion—including KDOC's IMPP 11-115A, which the district court relied on to deny Denney's claims—the panel questioned whether the district court had considered matters outside the pleadings. If so, the panel noted the district court should have treated the Secretary's motion as a motion for summary judgment, not a motion to dismiss, and analyzed the motion under the legal standard in K.S.A. 2020 Supp. 60-256, not K.S.A. 2020 Supp. 60-212(b)(6).

The panel ultimately concluded that the district court had not considered matters outside the pleadings. Because the Secretary's filing was a motion to dismiss *and* an answer, the panel held that the exhibits "could also be considered part of [the Secretary's] response, rather than entirely related to his motion to dismiss." 2020 WL 3393773, at *3. And considered in that light, the panel found the exhibits were part of the pleadings. The panel therefore held that the Secretary's motion was properly one to dismiss for failure to state a claim under K.S.A. 2020 Supp. 60-212(b)(6) and there was no requirement to convert the Secretary's motion to one for summary judgment. 2020 WL 3393773, at *3.

Under that framework, the panel rejected each of Denney's arguments and affirmed the district court's dismissal of Denney's K.S.A. 60-1501 petition. 2020 WL 3393773, at *7-8. We granted Denney's request for review. Jurisdiction is proper. See K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

ANALYSIS

Denney argues the panel erred by dismissing his claim under K.S.A. 2020 Supp. 60-212(b)(6) because that statute requires courts to accept the nonmoving party's well-pled allegations as true and resolve every factual dispute in favor of the nonmoving party. See *Steckline Communications, Inc. v. Journal Broadcast Group of KS, Inc.*, 305 Kan. 761, 767-68, 388 P.3d 84 (2017). If the panel had done so, Denney contends it would have concluded that the Secretary's reliance on KORA to classify and manage him as a sex offender violated his constitutional rights, warranting habeas relief. Denney requests a remand to the district court for an evidentiary hearing to determine whether KDOC was managing him under KORA or under KDOC's internal policies and whether any misclassification was harmless.

But, as we explain below, K.S.A. 2020 Supp. 60-212(b)(6) does not apply to Denney's petition or the Secretary's answer and motion. Instead, the issue is governed by the legal standards in Article 15 of K.S.A. Chapter 60. Under that framework, summary dismissal is proper because Denney failed to establish constitutional injury based on the record before us. As a result, we affirm the panel's decision as right for the wrong reasons.

9

*I.   K.S.A. 2020 Supp. 60-212(b)(6) and K.S.A. 2020 Supp. 60-256 Do Not Apply in Habeas Corpus Proceedings Brought Under K.S.A. 60-1501.*

As noted, the panel began its analysis by deciding whether to construe the Secretary's motion as one to dismiss for failure to state a claim under K.S.A. 2020 Supp. 60-212(b)(6) or as one for summary judgment under K.S.A. 2020 Supp. 60-256. The panel ultimately construed the filing as a motion to dismiss under K.S.A. 60-212(b)(6). Alternatively, the panel concluded that if the district court erred by failing to construe the Secretary's motion as one for summary judgment, then such error was harmless.

The panel's approach to this issue is not unique. Citing our decision in *Sperry v. McKune*, 305 Kan. 469, 482-83, 384 P.3d 1003 (2016), several other Court of Appeals panels have applied K.S.A. 2020 Supp. 60-212(b)(6) and K.S.A. 2020 Supp. 60-256 on review of a district court's dismissal of an inmate's K.S.A. 60-1501 petition. See *Davis v. Schnurr*, No. 122,435, 2020 WL 7086177, at *3 (Kan. App. 2020) (unpublished opinion); *Jamerson v. Heimgartner*, No. 121,681, 2020 WL 4555793, at *4 (Kan. App. 2020) (unpublished opinion); *Rindt v. Schnurr*, No. 122,125, 2020 WL 3022865, at *5 (Kan. App. 2020) (unpublished opinion).

But neither our precedent nor the relevant statutory scheme supports this approach. We have long held that "[p]roceedings on a petition for writ of habeas corpus filed pursuant to K.S.A. 60-1501 are not subject to ordinary rules of civil procedure." *Bankes v. Simmons*, 265 Kan. 341, Syl. ¶ 1, 963 P.2d 412 (1998). And panels of the Court of Appeals have relied on this general rule to deny a party's right (under ordinary rules of civil procedure) to discovery and default judgment in habeas proceedings. See *White v. Shipman*, 54 Kan. App. 2d 84, 89, 396 P.3d 1250 (2017); *Mitchell v. McKune*, No. 109,285, 2014 WL 349584, at *3 (Kan. App. 2014). But see *Johnson v. Zmuda*, 59 Kan. App. 2d 360, 365, 481 P.3d 180 (2021) (holding that K.S.A. 60-611, which governs the transfer of cases filed in the wrong venue, applies in K.S.A. 60-1501 proceedings).

10

Moreover, *Sperry* lends no support to the proposition that K.S.A. 2020 Supp. 60-212(b)(6) or K.S.A. 2020 Supp. 60-256 apply in habeas proceedings commenced under K.S.A. 60-1501. In *Sperry*, the plaintiff inmate filed a civil lawsuit seeking money damages from prison officials. The defendants moved to dismiss the plaintiff's claims under K.S.A. 2015 Supp. 60-212(b)(6), arguing the plaintiff failed to exhaust administrative remedies. The defendants attached to their motion an affidavit from a prison official who said he had reviewed all available records and found no evidence that plaintiff had submitted a personal injury grievance. The district court granted the defendants' motion and dismissed plaintiff's claims. On review, we held that by filing this affidavit, "the KDOC defendants introduced matters outside the pleadings," which required the district court to treat the motion "'as one for summary judgment under K.S.A. 60-256.'" *Sperry*, 305 Kan. at 481.

The claims Sperry asserted and the relief he requested in that action make clear *Sperry* is inapposite. Sperry filed a lawsuit seeking civil monetary damages from the prison officials for injuries he allegedly sustained because of his exposure to asbestos and lead paint while incarcerated. His petition asserted causes of action under 42 U.S.C. § 1983 (2012) and other state law tort theories. Sperry did not request relief under K.S.A. 60-1501 et seq., or otherwise challenge the conditions of his confinement. In fact, the remedy Sperry sought (money damages) is unavailable in habeas corpus proceedings. *Foster v. Maynard*, 222 Kan. 506, 513, 565 P.2d 285 (1977) (habeas corpus is not an appropriate remedy for state prisoners seeking money damages). While K.S.A. 2015 Supp. 60-212 and 2015 Supp. K.S.A. 60-256 provided the proper framework for analyzing defendants' motion to dismiss plaintiff's civil tort claims, nothing in *Sperry* suggests the same framework applies to habeas corpus proceedings.

We therefore reiterate that proceedings under K.S.A. 60-1501 are not generally subject to the ordinary rules of civil procedure. Thus, when ruling on a respondent's

11

motion to dismiss a K.S.A. 60-1501 petition, neither the failure-to-state-a-claim standard under K.S.A. 2020 Supp. 60-212(b)(6) nor the summary judgment standard under K.S.A. 2020 Supp. 60-256 apply. Instead, courts should apply the legal framework the Legislature established in Article 15 of K.S.A. Chapter 60, which we set out in the following section.

## II. *The Legal Framework and Standard of Review for Motions to Dismiss a Petitioner's Habeas Corpus Petition Brought Under K.S.A. 60-1501*

K.S.A. 60-1501 et seq. governs civil habeas corpus proceedings. The Act contemplates two types of habeas corpus petitions. First, in K.S.A. 2020 Supp. 60-1501 to K.S.A. 60-1506, the Legislature set out the procedures and standards governing a petition under K.S.A. 60-1501 for a writ of habeas corpus—a summons to bring a person before the court, often to determine whether the conditions of an inmate's incarceration are legal. See Black's Law Dictionary 854 (11th ed. 2019). Then, in K.S.A. 60-1507, the Legislature set out the procedures and standards for prisoners in custody to challenge the constitutionality of their conviction or sentence. While actions brought under K.S.A. 60-1501 and K.S.A. 60-1507 are both properly characterized as civil habeas corpus proceedings, they serve distinct purposes:

> "The distinction between K.S.A. 60-1501 and K.S.A. 60-1507 has generally been held to be that a 1507 petition is a procedure by which a prisoner may challenge his or her conviction or sentence, while a 1501 petition is a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement, including administrative actions of the penal institution." *Safarik v. Bruce*, 20 Kan. App. 2d 61, 66-67, 883 P.2d 1211 (1994) (citing *State ex rel. Stephan v. Clark*, 243 Kan. 561, 568, 759 P.2d 119 [1988]; *Foster v. Maynard*, 222 Kan. 506, 513, 565 P.2d 285 [1977]; *Hamrick v. Hazelet*, 209 Kan. 383, 385, 497 P.2d 273 [1972]).

Based on this distinction, a K.S.A. 60-1507 motion must be filed in the sentencing court, while a K.S.A. 60-1501 petition must be filed in the county of confinement. See *Anderson v. Anderson*, 214 Kan. 387, 391, 520 P.2d 1239 (1974). Denney petitioned under K.S.A. 60-1501 to challenge the mode or condition of his confinement—specifically, challenging the respondents' decision to classify and manage him as a sex offender within the prison. We therefore limit the focus of our analysis to K.S.A. 2020 Supp. 60-1501 to K.S.A. 2020 Supp. 60-1506.

Under K.S.A. 2020 Supp. 60-1501(a), any person who is "detained, confined or restrained of liberty on any pretense whatsoever" may petition for a writ of habeas corpus in the district court of the county where the person is constrained. The K.S.A. 60-1501 petition must be verified and state:  (1) the place of and person responsible for the confinement; (2) the reason for the confinement; and (3) why that confinement is wrongful. K.S.A. 60-1502.

Once an inmate files a K.S.A. 60-1501 petition, the statutory scheme requires the district court to promptly conduct an initial assessment of the petition to determine whether a writ of habeas corpus should issue. At this stage, the court must accept all well-pled factual allegations as true. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). To obtain a writ, the petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). But if it is apparent from the petition and attached exhibits that the petitioner is entitled to no relief, then no cause for granting a writ exists and the court must dismiss the petition. K.S.A. 2020 Supp. 60-1503(a).

If, on the other hand, the court finds petitioner may have a right to relief—as it did in this case—the court must issue a writ of habeas corpus. K.S.A. 2020 Supp. 60-1503(a). If that happens, the court must appoint counsel to assist an indigent inmate. See K.S.A. 22-4506(a), (b) (providing that a district court must appoint counsel to an indigent inmate

13

who files a habeas petition that presents substantial questions of law or triable issue of fact). When the court issues the writ, it must also order the respondent to file an answer. K.S.A. 2020 Supp. 60-1503(a). The answer must also be verified and state the reason and authority for the confinement. K.S.A. 60-1504(c). If the petitioner does not controvert the contents of the answer, the allegations are considered true unless the judge makes findings to the contrary based on the evidence. K.S.A. 60-1504(d).

After the court has issued a writ and respondents have filed an answer, the court must "proceed in a summary way to hear and determine" the petitioner's cause. K.S.A. 2020 Supp. 60-1505(a). The statutory scheme does not prescribe the type of hearing required, but it does make clear that the petitioner need not be present. K.S.A. 2020 Supp. 60-1505(a). If the petitioner is an inmate, then the district court can dismiss the writ if it finds "the motion and the files and records of the case conclusively show that the inmate is entitled to no relief." K.S.A. 2020 Supp. 60-1505(a).

When entering judgment, if the court determines that the restraint is not wrongful, then the writ shall be dissolved at the cost of the plaintiff. K.S.A. 2020 Supp. 60-1505(d). If the court determines the restraint is wrongful, the judgment must either release the person from the restraint or transfer custody "to some other person rightfully entitled" to impose the restraint. K.S.A. 2020 Supp. 60-1505(d). The court may also "make such other orders as justice and equity . . . may require." K.S.A. 2020 Supp. 60-1505(d).

Viewing these provisions together and in harmony, the statutory scheme contemplates several possible avenues for resolving K.S.A. 60-1501 petitions. First, when initially presented with the petition for a writ of habeas corpus, the court may determine from the face of the petition and any attached exhibits that the petitioner is entitled to no relief and deny the motion summarily without issuing a writ or ordering the respondents to file an answer. See K.S.A. 2020 Supp. 60-1503(a).

14

But if the court determines petitioner may have a right to relief, it issues a writ of habeas corpus, appoints counsel, orders the respondent to file an answer, conducts a hearing, and determines the cause. K.S.A. 2020 Supp. 60-1503(a); K.S.A. 2020 Supp. 60-1505(a); K.S.A. 22-4506(b). Again, once the court issues a writ, the statute does not specify the type of hearing required to adjudicate the habeas corpus petition—the statute merely requires the judge to proceed in a summary way to hear and determine the cause. Even so, the statutory scheme contemplates at least two types of hearings on the path to final resolution.

First, K.S.A. 2020 Supp. 60-1505(a) expressly contemplates a nonevidentiary hearing focusing on the motion, files, and records of the case. If the court determines that the motion, files, and the records of the case conclusively show that the inmate is entitled to no relief, then the court shall dissolve the writ. K.S.A. 2020 Supp. 60-1505(a). For ease of reference, we refer to this type of nonevidentiary hearing as a "preliminary habeas corpus hearing" under K.S.A. 60-1501.

But if the court cannot determine from the motion, files, and records that petitioner is entitled to no relief, the district court may conduct an evidentiary hearing (either in addition to or in lieu of the preliminary habeas corpus hearing) and make appropriate findings of fact and conclusions of law in support of its judgment. The court's authority to conduct such an evidentiary hearing is implicit from the statutory scheme. See, e.g., K.S.A. 60-1504(d) (requiring court to accept contents of answer as true "except as to the extent that the judge *finds from the evidence* that the contents are not true" [emphasis added]).

Likewise, the appropriate standard of review varies depending on the path taken to resolve the K.S.A. 60-1501 petition. First, when a district court summarily dismisses a K.S.A. 60-1501 petition without issuing a writ under K.S.A. 2020 Supp. 60-1503(a), appellate courts are in just as good a position as the district court to determine whether it

15

plainly appears from the face of the petition and any supporting exhibits that the plaintiff is entitled to no relief. Thus, an appellate court's review of a summary denial of a K.S.A. 60-1501 petition is de novo. See *Johnson,* 289 Kan. at 649 (holding that appellate courts review the summary dismissal of a K.S.A. 60-1501 petition de novo). The same is true after a judge issues a writ and the court determines (after a preliminary habeas corpus hearing) that "the motion and the files and records of the case conclusively show that the inmate is entitled to no relief." K.S.A. 2020 Supp. 60-1505(a). An appellate court is in just as good a position to consider the merits in that case, and its review is also de novo.

But when the district court conducts an evidentiary hearing and makes findings of facts and conclusions of law in support of its judgment, appellate courts review the district court's factual findings for substantial competent evidence and its legal conclusions de novo. *Rice v. State*, 278 Kan. 309, 320, 95 P.3d 994 (2004).

In short, the statutory provisions in K.S.A. 60-1501 et seq., reflect the Legislature's intent to create an independent legal framework establishing the procedural and substantive rules applied in habeas corpus proceedings. This framework, rather than ordinary rules of civil procedure, governs both the court's initial adjudication of a prisoner's habeas corpus petition and an appellate court's review of that adjudication. Having established the proper legal framework and standards of review for an inmate's K.S.A. 60-1501 petition, we next apply this framework to Denney's claim.

*III. Denney Has Not Shown a Constitutional Injury Based on the Record Before Us*

Here, the district court considered Denney's petition and supporting exhibits and determined that he may have a right to relief. Thus, it issued a writ of habeas corpus, appointed Denney counsel, and ordered the Secretary to file an answer. It then held a preliminary habeas corpus hearing and determined that "the motion and the files and the records of the case conclusively show" that Denney was entitled to no relief under K.S.A.

60-1501. As determined above, we review the district court's dismissal in this situation de novo, meaning that we need not defer to its conclusions.

Although this case has required us to clarify the legal framework and standards governing K.S.A. 60-1501 proceedings, the merits of Denney's claim are relatively straightforward. Denney claims KDOC violated his due-process rights by managing him as a sex offender under KORA because he does not meet the definition of a sex offender under that statutory scheme. The Secretary claims KDOC is properly managing Denney as a sex offender under IMPP 11-115A and that this policy does not violate Denney's due-process rights.

We conclude that the district court properly dismissed Denney's petition because the motion, files, and records show he is entitled to no relief. Denney's petition and exhibits created a disputed question of fact whether KDOC relied on KORA or its IMPP 11-115A to classify and manage him as a sex offender. Yet in its answer, the Secretary alleged (and attached supporting documentation confirming) that inmates may be managed as sex offenders under IMPP 11-115A if they have "a current conviction for which s/he is incarcerated that is a sex offense." The Secretary further alleged (and attached supporting documentation confirming) Denney is incarcerated for several sex offenses. Denney did not controvert these facts, and the district court was required to accept them as true. See K.S.A. 60-1504(d).

These facts establish that KDOC has lawful authority to manage Denney as a sex offender pursuant to its internal policy. And Denney conceded that KDOC's management of sex offenders under IMPP 11-115A does not violate due process. Thus, the pivotal question is whether KDOC's management of sex offenders under IMPP 11-115A differs from its management of Denney (or other inmates classified as a sex offender under KORA). If not, Denney cannot establish any constitutional injury warranting habeas relief because KDOC has a right to manage Denney as a sex offender under its policy.

17

In the motion, files, and records, Denney fails to articulate how his management differs from any other inmate lawfully managed as a sex offender under IMPP 11-115A. At oral argument before our court, Denney struggled to articulate any cognizable injury. Denney first argued that he never received notice of his rights, as contemplated under the IMPP 11-115A. But counsel conceded that Denney was not prejudiced by any lack of notice. He also argued that his management as a sex offender under KORA, rather than IMPP 11-115A, could potentially stigmatize him when he appears before the parole board down the road. Denney's speculation about this potential future injury does not implicate the due process clause. *Lile v. Simmons*, 143 F. Supp. 2d 1267, 1275 (D. Kan. 2001) (even if plaintiff had protected liberty interest in prison classification level, speculation about the effect of his classification on future parole decisions "is too speculative to implicate the due process clause").

Denney, as the inmate alleging a violation of his constitutional rights in a habeas proceeding, carries the burden of proof. *Sammons v. Simmons*, 267 Kan. 155, 158, 976 P.2d 505 (1999). He has not carried that burden based on the record before us. As a result, Denney's K.S.A. 60-1501 petition was properly dismissed after the preliminary habeas corpus hearing because the motion, files, and records in the case conclusively show that Denney is entitled to no relief.

Affirmed.

18