NOT DESIGNATED FOR PUBLICATION

No. 124,193

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ROBERT BOOKER III,
*Appellant*,

v.

DAN SCHNURR, WARDEN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed April 15, 2022. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Jon D. Graves*, legal counsel, of Kansas Department of Corrections, of Hutchinson, for appellee.

Before MALONE, P.J., SCHROEDER and HURST, JJ.

PER CURIAM: Robert Booker III appeals the district court's decision to dismiss his petition for writ of habeas corpus under K.S.A. 60-1501 as untimely filed. Finding no error, we affirm the district court's decision.

FACTUAL AND PROCEDURAL BACKGROUND

In 2015, the district court sentenced Booker to 55 months' imprisonment with lifetime postrelease supervision for aggravated sexual battery. He completed his prison sentence and was released to lifetime postrelease supervision.

1

In February 2017, the Kansas Department of Corrections' Prisoner Review Board (PRB) found that Booker violated the conditions of his release, revoked his postrelease supervision, and "pass[ed]" him until March 2018. Booker was later released back onto postrelease supervision.

In November 2018, the Department of Corrections issued a warrant alleging Booker committed technical violations of the conditions of his release, no new crime. Booker was taken into custody on December 19, 2018.

On January 9, 2019, the PRB held a hearing on the alleged violations. The PRB found the violations occurred, revoked Booker's postrelease supervision, and "[p]ass[ed]" him until January 2020. On December 12, 2019, the PRB again "[p]assed" Booker's release until August 1, 2020, based on his failures on postrelease supervision and his disciplinary reports. On August 4, 2020, the PRB granted Booker release to an approved plan after March 1, 2021, but the decision was conditioned on the release plan being approved and Booker maintaining a satisfactory institution record until the release date.

On June 9, 2020, Booker filed an inmate grievance form stating that he committed a technical violation of his postrelease supervision and under K.S.A. 75-5217 he only needed to serve a period of six months' confinement. Dan Schnurr, the warden at Hutchinson Correctional Facility, denied Booker's grievance. Schnurr stated that because Booker was on lifetime postrelease supervision, the PRB controlled how long he served for violations, not K.S.A. 75-5217, which applies only to offenders with a specified term of postrelease supervision. Booker appealed Schnurr's response to the Secretary of Corrections (Secretary). On July 22, 2020, the Secretary denied his appeal.

On August 14, 2020, Booker petitioned for a writ of habeas corpus, arguing that he had been illegally imprisoned for over 18 months based on a technical postrelease violation for which he should have only been required to serve 6 months' imprisonment.

Schnurr moved to dismiss, alleging that Booker was challenging the PRB's decision on either January 9, 2019, or December 12, 2019. Schnurr asserted that Booker's petition was untimely because he had 30 days from the date of those final actions to petition the district court for relief. Booker responded and asserted that he timely petitioned the court for relief within 30 days of the final denial of his grievance from the Secretary.

On February 23, 2021, the district court held a hearing on Schnurr's motion to dismiss, and Booker appeared pro se. The parties presented arguments that mirrored the arguments made in their previous filings. The district court found that Booker needed to file his petition within 30 days of the PRB's final orders passing his release for longer than 6 months. The district court's journal entry erroneously stated that the PRB's first order was entered on December 19, 2018, instead of on January 9, 2019. The district court also found that Booker's "grievance activity . . . was not purposeful" and did not extend the deadline to file his petition. Thus, the district court dismissed Booker's petition as untimely filed. Booker timely appealed and received appointed counsel for the appeal.

DID THE DISTRICT COURT ERR IN DISMISSING BOOKER'S K.S.A. 60-1501 PETITION?

On appeal, Booker claims the district court erred in dismissing his petition as untimely. Booker argues that because the prison officials addressed his inmate grievance filed in June 2020, he timely petitioned the court within 30 days of the final denial of his grievance. Booker argues that his case should be remanded for a decision on the merits.

Schnurr argues that the district court correctly dismissed Booker's petition because he is complaining of the PRB's action either on January 9, 2019, or December 12, 2019, and Booker did not petition the court within 30 days of those dates. Alternatively, Schnurr argues that Booker's petition fails on the merits because the six-month limit on holding an inmate for a technical violation of postrelease supervision does not apply to inmates serving lifetime postrelease supervision.

3

To state a claim for relief under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). The Kansas Supreme Court recently clarified the governing law for proceedings under K.S.A. 60-1501, outlining the various "avenues for resolving K.S.A. 60-1501 petitions," stating that the district court could either (1) "determine from the face of the petition and any attached exhibits that the petitioner is entitled to no relief and deny the motion summarily without issuing a writ or ordering the respondents to file an answer"; or (2) "determine . . . the petitioner may have a right to relief . . . [and] issue a writ of habeas corpus, appoint counsel, order the respondent to file an answer, hold a hearing, and determine the cause." *Denney v. Norwood*, 315 Kan. __, Syl. ¶ 5, 505 P.3d 730, 2022 WL 742470 (2022).

If the district court finds the petitioner may have a right to relief, it can either hold a "'preliminary habeas corpus hearing,'" a nonevidentiary hearing focused on the motion, files, and records of the case, or hold an evidentiary hearing and make findings of fact and conclusions of law. 2022 WL 742470, at *8. If the district court holds a preliminary hearing and finds that the motion, files, and the records conclusively show that the inmate is entitled to no relief, then the court shall dissolve the writ. 2022 WL 742470, at *8.

This court's standard of review depends on the path taken by the district court. When the district court issues a summary denial or denies the petition after a preliminary habeas corpus hearing, this court applies de novo review. 2022 WL 742470, at *8.

To begin, the district court seems to have taken a path between a summary denial and a preliminary hearing before granting Schnurr's motion to dismiss. The district court held a preliminary hearing, although it did not issue a writ, and considered Schnurr's motion to dismiss and its attachments to determine that Booker's motion was untimely. While the better practice—in line with the new guidance from the Kansas Supreme Court—would be to either summarily deny his petition without a hearing or issue a writ,

the result here is unaffected. The district court determined after its hearing that the motion, files, and the records conclusively showed that Booker is entitled to no relief, which is the correct result for the reasons we will explain.

The district court correctly found that Booker did not timely file his petition. An inmate must file a petition for a writ of habeas corpus within 30 days from the date the action was final, but the time limit is extended during the inmate's timely attempts to exhaust the administrative remedies. K.S.A. 2020 Supp. 60-1501(b).

Booker tried to exhaust his administrative remedies by going through the inmate grievance process in June 2020. In Booker's appellate brief, he concedes that his grievance should have been filed with his parole officer instead of the warden. Booker asserts his mistake did not matter because the prison officials addressed his grievance and advised him what to do next, he acted in reliance on their instructions, and he timely petitioned the court within 30 days of exhausting the grievance process. But we need not decide whether Booker properly filed his grievance with the warden or even whether Booker needed to attempt to exhaust administrative remedies after the PRB passed his release on January 9, 2019, and again on December 12, 2019. The 30-day time limit to petition the district court under K.S.A. 2020 Supp. 60-1501(b) is extended only during the inmate's *timely* attempts to exhaust administrative remedies. Booker's inmate grievance filed in June 2020 was not a timely attempt to exhaust administrative remedies following the PRB's actions to pass Booker's release on January 9, 2019, and December 12, 2019.

Booker alleged in his petition, filed August 14, 2020, that he had been held for over 18 months after the revocation of his postrelease supervision when he should have only been held for 6 months. But the PRB held a hearing on January 9, 2019, revoked Booker's postrelease supervision, and passed his release until January 2020. Booker knew then that he would be held for more than six months for the technical violations of his

postrelease supervision. On December 12, 2019, the PRB again passed Booker's release until August 2020. Booker should have petitioned for a writ of habeas corpus within 30 days of the PRB's final action on either January 9, 2019, or December 12, 2019, but he failed to do so. Thus, the petition was untimely under K.S.A. 2020 Supp. 60-1501(b).

Booker tried to get around this timeliness issue by claiming in the district court that he was "not appealing the parole board decision." But the PRB determines whether Booker violated the terms of his postrelease supervision, has the power to revoke his postrelease supervision, and can make orders related to his revocation and release. See K.S.A. 75-5217(b). Despite how Booker tried to frame the issue in district court, he is challenging the PRB's decision not to release him back onto postrelease supervision. Under K.S.A. 2020 Supp. 60-1501(b), Booker needed to petition for a writ of habeas corpus withing 30 days from the date the PRB's action was final.

In sum, the district court did not err in finding that Booker did not timely file his petition. Based on this disposition, we need not address Schnurr's alternative argument that the six-month limit on holding an inmate for a technical violation of postrelease supervision does not apply to inmates serving lifetime postrelease supervision.

Affirmed.