NOT DESIGNATED FOR PUBLICATION

No. 127,440

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GEORGE R. SPRY,
*Appellant*,

v.

GLORIA GEITHER, WARDEN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; CLINTON LEE, judge. Submitted without oral argument. Opinion filed November 15, 2024. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Fred W. Phelps Jr.*, deputy chief legal counsel, Kansas Department of Corrections, for appellee.

Before PICKERING, P.J., ISHERWOOD and HURST, JJ.

PER CURIAM: After his television was stolen, George R. Spry, an inmate at Lansing Correctional Facility (LCF), filed a K.S.A. 60-1501 petition claiming he was deprived of his property as a result of LCF's purported failure to collect restitution from the inmates who were allegedly responsible for the theft. After a preliminary hearing, the district court summarily dismissed Spry's petition, finding his claim was inappropriate for habeas corpus proceedings. Spry appeals, arguing that the district court erred in summarily dismissing his petition. Following a careful review of the record, we are not persuaded that the district court erred in its determination. Habeas corpus is not the appropriate vehicle when an inmate seeks to pursue the recovery of money or property.

1

In June 2023, Spry filed a K.S.A. 60-1501 petition claiming the LCF was "wrongfully depriving [him] of his right to property (T.V.)." He alleged that after his television was stolen in May 2022, an investigator determined that six other inmates were responsible and recommended they pay restitution to Spry. However, the disciplinary hearing officer did not find the six inmates guilty of wrongdoing, thus no restitution was ordered. Spry filed a grievance with the LCF to no avail, so he turned to the district court in pursuit of an order that required the LCF to explain:

> "1) Why this claim has not been paid yet; 2) Why, if at all, the LCF Disciplinary Board did not follow the original recommendation [of the investigator]; 3) Why KDOC/LCF staff have never responded to the 'question' of a used/confiscated T.V.; 4) If KDOC/LCF is going to apply any of the claim money to 'forced savings' or any other thing and what KDOC/LCF is going to do about the additional hardship that it would cause the Petitioner by causing the Petitioner to save up that much more money to buy a T.V.; 5) Why KDOC/LCF T.V.s are so much higher in price [than] one on the street."

After the district court issued a writ of habeas corpus in August 2023, Warden Gloria Geither filed a motion for summary dismissal, arguing a K.S.A. 60-1501 petition was not the proper avenue through which to recover money or property. Spry countered that the LCF violated his due process rights under the Fourteenth Amendment to the United States Constitution when it failed to adhere to the proper administrative procedures while investigating his claim. Spry later filed a request for the court to take judicial notice, claiming the LCF was depriving him of property under the Fourteenth Amendment.

The district court granted Geither's motion for summary dismissal on the grounds that Spry's effort to obtain "recovery of property or a monetary judgment" was not an appropriate claim under K.S.A. 60-1501. The district court also declined to find there was

2

any state action associated with the issue because there was no allegation that prison employees were responsible for the theft.

Spry now brings the matter before this court for a determination of whether summary denial of his K.S.A. 60-1501 petition was appropriate.

LEGAL ANALYSIS

*The district court did not err in summarily dismissing Spry's K.S.A. 60-1501 petition.*

*Standard of Review*

When the district court conducts a preliminary habeas corpus hearing and determines that "'the motion and the files and records of the case conclusively show that the inmate is entitled to no relief,'" appellate courts exercise unlimited review of the district court's decision. *Denney v. Norwood*, 315 Kan. 163, 175, 505 P.3d 730 (2022).

*Discussion*

A K.S.A. 60-1501 petition is designed to serve as "a summons to bring a person before the court, often to determine whether the conditions of an inmate's incarceration are legal." *Denney*, 315 Kan. at 172. Subsection (a) allows "any person in this state who is detained, confined or restrained of liberty" to pursue a writ of habeas corpus in "the county in which such restraint is taking place." K.S.A. 2023 Supp. 60-1501(a).

To obtain a writ, a K.S.A. 60-1501 petitioner has the burden to "allege 'shocking and intolerable conduct or continuing mistreatment of a constitutional stature.'" *Denney*, 315 Kan. at 173. The district court must dismiss the petition if it plainly appears from its face, and any exhibits attached thereto, that the petitioner is not entitled to relief. K.S.A.

3

2023 Supp. 60-1503(a). In those circumstances where it appears a petitioner may be entitled to relief, the district court must issue a writ and direct the respondent to file an answer. K.S.A. 2023 Supp. 60-1503(a).

Upon issuance of the writ, the district court is required to "proceed in a summary way to hear and determine the cause." K.S.A. 2023 Supp. 60-1505(a). If the district court finds "the motion and the files and records of the case conclusively show that the inmate is entitled to no relief, the writ shall be dissolved." K.S.A. 2023 Supp. 60-1505(a).

As Geither points out, our Supreme Court has held that habeas corpus proceedings are not appropriate for claims seeking money damages or alleging a prisoner's money was wrongfully taken. See *Foster v. Maynard*, 222 Kan. 506, 513, 565 P.2d 285 (1977) (Habeas corpus proceedings are not the proper avenue by which to pursue a claim for return of forced savings taken from prisoner accounts.). Additionally, a panel of this court recently examined a claim of alleged property deprivation that was raised in a K.S.A. 60-1501 petition. In *Kanatzar v. Schnurr*, No. 126,052, 2023 WL 6172083 (Kan. App. 2023) (unpublished opinion), *petition for rev. filed* October 27, 2023, a food package ordered by Kanatzar's mother was delivered to the correctional facility but never made its way to Kanatzar. Kanatzar filed a property loss claim to no avail. He pursued a K.S.A. 60-1501 petition and claimed the correctional facility wrongfully deprived him of his property under the Fourteenth Amendment. This court detected no discernible difference between the forced savings claim analyzed and rejected in *Foster* and Kanatzar's food package issue. *Kanatzar*, 2023 WL 6172083, at *2. Accordingly, the panel determined that Kanatzar's claim did not fall within the conditions of confinement parameters of K.S.A. 60-1501, and the district court's summary denial of Kanatzar's petition was affirmed. 2023 WL 6172083, at *2.

We conclude that Spry's case is similar to *Foster* and *Kanatzar* and that his claim to recover either money or property falls outside the scope of habeas corpus proceedings. Accordingly, the district court's summary dismissal of Spry's petition was appropriate.

Affirmed.