NOT DESIGNATED FOR PUBLICATION

No. 127,926

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY LEROY DAVIS,
*Appellant*,

v.

DANIEL L. SCHNURR, WARDEN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; DANIEL D. GILLIGAN, judge. Submitted without oral argument. Opinion filed August 8, 2025. Affirmed in part and dismissed in part.

*Kristen B. Patty*, of Wichita, for appellant.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, for appellee.

Before WARNER, C.J., BRUNS and BOLTON FLEMING, JJ.

PER CURIAM: Anthony Leroy Davis, an inmate at the Hutchinson Correctional Facility, appeals the district court's summary dismissal of his K.S.A. 60-1501 petition and its denial of his motion to amend that petition. The Kansas Department of Corrections argues that we should dismiss the appeal for lack of jurisdiction because Davis' notice of appeal was untimely. After carefully reviewing the record and the parties' arguments, we find the Department is partially correct. That is, because Davis did not file a notice of appeal within 30 days of the district court's dismissal of his K.S.A. 60-1501 petition, we lack jurisdiction to review that ruling. We do have jurisdiction to review the district court's denial of Davis' motion to amend, but we find the district court did not abuse its

1

discretion in rejecting that request. We thus dismiss in part and affirm the reviewable portion of the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On January 22, 2024, Davis filed a K.S.A. 60-1501 petition, complaining that he was being exposed to cold conditions when "windows [had been] opened and the heater turn[ed] off." He also asserted that the prison staff had placed him in disciplinary segregation in violation of his procedural due process rights.

The district court summarily dismissed Davis' petition a little over three weeks later, on February 13. The court found that Davis did not provide proof that he had exhausted his administrative remedies by seeking recourse through the inmate grievance process before filing his petition and that Davis' complaints did not implicate a constitutionally protected liberty interest. In the weeks that followed, Davis filed several documents with the district court. Two of these filings are relevant to our discussion:

- Later in February, Davis filed what appears to be a new K.S.A. 60-1501 petition, accompanied by 19 pages of supporting material. These documents largely related to Davis' efforts to resolve his original complaints through the inmate grievance process, but some relate to a separate incident involving his complaints with the way prison staff handled his mail.

- On February 29, Davis moved to amend his original K.S.A. 60-1501 petition to essentially reflect the contents of the new petition he tried to file the month before, while attaching even more supplemental material. Davis asserted that this amended petition "remedie[d] the defected-original pro se petition" by showing that he had exhausted his administrative remedies. It also raised a new claim, alleging "United States mail fraud."

2

The district court denied Davis' request to amend his petition on March 21. It found the proposed amendment asserted a new grievance "independent and unrelated to the issues presented [in] the original petition." The court also found that none of the supplemental material Davis had attached cured the defects in his original petition—they did not show that he had exhausted his administrative remedies or demonstrate the violation of a protected liberty interest.

On April 3, Davis filed a motion to alter or amend that judgment. The court denied this motion on May 8 and again found no proof of exhaustion nor any implication of a liberty interest. Davis filed his notice of appeal on May 20, and the district court appointed appellate counsel to represent him.

DISCUSSION

On appeal, Davis raises two claims of error. He argues that the district court improperly dismissed his K.S.A. 60-1501 petition without first holding an evidentiary hearing. He also asserts that the district court erred in not allowing him to amend his petition to include his subsequent complaints about alleged mail fraud.

Under K.S.A. 60-1501, any person confined in Kansas may seek a writ of habeas corpus in the county where they are confined, alleging that their conditions of confinement violate due process. *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). To obtain this writ, the petition must allege either (1) shocking and intolerable conduct or (2) continuing mistreatment of a constitutional nature. 289 Kan. at 648; *Merryfield v. State*, 44 Kan. App. 2d 817, Syl. ¶ 1, 241 P.3d 573 (2010). But if it is clear from the petition and attached exhibits that the petitioner is not entitled to relief, the district court may summarily dismiss the petition without issuing a writ or ordering the

3

respondents to file an answer. K.S.A. 2024 Supp. 60-1503(a). Appellate courts' review over district courts' summary dismissals is unlimited. *Denney v. Norwood*, 315 Kan. 163, 175, 505 P.3d 730 (2022).

*Appellate jurisdiction*

Before considering the arguments Davis raises in his appeal, we must resolve a preliminary issue. The Department contends that Davis filed his notice of appeal outside the timeframe required by K.S.A. 60-2103(a), thus depriving us of jurisdiction over the appeal. Whether jurisdiction exists is a question of law subject to unlimited appellate review. *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022); *State v. LaPointe*, 309 Kan. 299, 312, 434 P.3d 850 (2019).

The right to appeal is entirely statutory; it is not established by either the United States or Kansas Constitutions. As a result, appellate courts have jurisdiction only when the appeal is taken in the manner prescribed by statute. *State v. Clark*, 313 Kan. 556, 561, 486 P.3d 591 (2021).

In most civil cases, Kansas law requires an appellant to file a notice of appeal within 30 days of a final judgment. K.S.A. 2024 Supp. 60-2102(a)(4); K.S.A. 2024 Supp. 60-2103(a). In general, if someone files a notice outside these 30 days, the appellate court does not acquire jurisdiction and must dismiss the appeal. But this statutory deadline for filing a notice of appeal may be tolled if the appellant files certain postjudgment motions within 28 days of the final judgment. See K.S.A. 2024 Supp. 60-2103(a); K.S.A. 2024 Supp. 60-259(f). When the appellant files one of these postjudgment motions, the time to appeal stops until the district court rules on the motion. Once the court rules, the full 30-day period to appeal begins anew. K.S.A. 2024 Supp. 60-2103(a).

Applying these principles here, the district court summarily dismissed Davis' K.S.A. 60-1501 petition on February 13. This dismissal was a final, appealable judgment. To preserve his right to appeal, Davis needed to file a notice of appeal within 30 days (by March 14) or file a postjudgment motion that tolled the appellate clock within 28 days (by March 12). Davis did neither. Although he filed what looked like a new K.S.A. 60-1501 petition on February 15 and then a motion to amend his original petition on February 29, neither filing constitutes a postjudgment motion that could extend the time to appeal under K.S.A. 60-2103(a). This means that his May 20 notice of appeal—filed 97 days after the district court's dismissal of his K.S.A. 60-1501 petition—was filed outside the window defined in K.S.A. 60-2103(a). We thus lack jurisdiction to review that ruling and must dismiss that portion of Davis' appeal.

The Department also argues that we lack jurisdiction over the district court's decision to deny Davis' motion to amend his K.S.A. 60-1501 petition. We disagree. The district court denied that motion to amend on March 21, and Davis filed a timely motion to alter or amend the district court's ruling on April 3—tolling the time to appeal this decision. The district court denied this postjudgment motion on May 8, and Davis timely filed a notice of appeal 12 days later. Thus, we retain jurisdiction over this issue and now turn to consider Davis' argument concerning that motion.

*Davis' motion to amend his K.S.A. 60-1501 petition*

Davis argues that the district court should have allowed him to amend his K.S.A. 60-1501 petition, emphasizing that "amendments to pleadings are favored and should be allowed liberally."

Though actions under K.S.A. 60-1501 are grounded in Chapter 60 of the Kansas Code of Civil Procedure, they "'are not subject to ordinary rules of civil procedure.'" *Denney*, 315 Kan. at 170. For example, while K.S.A. 2024 Supp. 60-215(a)(1) grants

most civil litigants a limited opportunity to amend their pleadings as a matter of right, this right does not extend to habeas petitioners. See *Pabst v. State*, 287 Kan. 1, Syl. ¶ 6, 192 P.3d 630 (2008). Instead, an inmate may only amend his K.S.A. 60-1501 petition by leave of the court, which "should freely give leave when justice so requires." K.S.A. 2024 Supp. 60-215(a)(2).

District courts have broad discretion to decide when an inmate may amend their K.S.A. 60-1501 petition. See *Johnson v. Board of Pratt County Comm'rs*, 259 Kan. 305, 327, 913 P.2d 119 (1996). Appellate courts only set aside such a decision when a district court has abused that discretion. *Thompson v. State*, 293 Kan. 704, 709, 270 P.3d 1089 (2011). A court abuses its discretion when it bases its decision on an error of law or fact or when its decision is inherently unreasonable. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Davis has not shown that the district court abused its discretion here. His original petition asserted two claims: that he was exposed to cold conditions and that he was placed in disciplinary segregation without due process. After the court dismissed both claims because neither implicated a protected liberty interest, Davis sought leave to amend to assert a new claim of mail fraud. He acknowledges that amendments seeking "to correct mistakes or defects in pleadings" should not "substantially change the claims or defenses." And yet his proposal to amend his original petition would do precisely that. It would introduce a new issue—"independent and unrelated to the issues presented [in] the original petition"—based on facts that differ in both time and type.

After reviewing the appellate record and the parties' arguments, we find the district court did not abuse its discretion in denying Davis' motion to amend his K.S.A. 60-1501 petition. We affirm that portion of the court's judgment.

Affirmed in part and dismissed in part.