NOT DESIGNATED FOR PUBLICATION

No. 128,696

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

VALENTAE ADAMS,
*Appellant*,

v.

KANSAS DEPARTMENT OF CORRECTIONS
and
JEFFREY ZMUDA, SECRETARY,
*Appellees*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; CLINTON LEE, judge. Submitted without oral argument. Opinion filed September 12, 2025. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Fred W. Phelps Jr.*, deputy chief legal counsel, Kansas Department of Corrections, for appellees.

Before CLINE, P.J., MALONE and PICKERING, JJ.

PER CURIAM: Valentae Adams appeals the Leavenworth County District Court's summary denial of his K.S.A. 60-1501 petition challenging a condition of postrelease supervision. The district court summarily denied Adams' petition because he had not attached proof of exhaustion of administrative remedies and his petition was untimely. After review of the record, we find no error by the district court and affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2023, Adams, a convicted offender, returned to custody after violating conditions of his lifetime postrelease supervision. Over a year later, on July 26, 2024, Adams filed a K.S.A. 60-1501 petition in Leavenworth County District Court against the City of Wichita, Sedgwick County's Parole Office, and the Secretary of Corrections. He alleged he was "wrongfully, illegally and unlawfully deprived" of his liberty because a "gang curfew" had been added as a condition of his lifetime postrelease supervision in 2018. He asserted this condition was added after he filed a grievance against his parole officer and her supervisor. Adams also argued he was denied due process because the gang curfew was not ordered by his sentencing court. Adams' petition did not discuss exhaustion of his administrative remedies.

On August 12, 2024, the district court summarily dismissed Adams' K.S.A. 60-1501 petition because Adams had failed to attach proof that he exhausted his administrative remedies. The district court also suggested that, even if Adams had attached proof of exhaustion, his habeas petition would have been untimely because he was required to file it within 30 days of his appeal being final. The court held that "the ongoing nature of the curfew condition" was not an exception to the 30-day filing requirement.

Adams filed a motion to respond to order of summary dismissal, alleging he was ordered to have lifetime postrelease supervision and lifetime registration by his sentencing court but was not ordered to have lifetime GPS monitoring or a lifetime gang curfew. Adams argued he was unable to attach proof of exhaustion of administrative remedies because he never received written responses to his grievances. He contended his failure to file within 30 days was due to his ignorance of the law, he was not able to afford legal counsel, and he was unable to go to the law library because inmates at the El Dorado Correctional Facility were rioting at the time.

The district court construed Adams' motion as a motion to reconsider. It concluded that "Adams' motion does not articulate sufficient factual or legal grounds justifying a different outcome" and denied the motion.

Adams timely appealed.

LEGAL ANALYSIS

*Standard of Review*

An appellate court exercises de novo review of a summary dismissal because "appellate courts are in just as good a position as the district court to determine whether it plainly appears from the face of the petition and any supporting exhibits that the plaintiff is entitled to no relief." *Denney v. Norwood*, 315 Kan. 163, 175, 505 P.3d 730 (2022).

*Discussion*

First, we review the requirements of a K.S.A. 60-1501 petition. A K.S.A. 60-1501 petitioner must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature" to avoid summary dismissal. *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f it is apparent from the petition and attached exhibits that the petitioner is entitled to no relief, then no cause for granting a writ exists and the court must dismiss the petition." *Denney*, 315 Kan. at 173; see K.S.A. 2024 Supp. 60-1503(a). An inmate must exhaust his or her administrative remedies before filing a civil claim, including a habeas corpus claim, against state actors and prison employees. Along with the petition, the inmate must attach proof of exhaustion of administrative remedies. K.S.A. 75-52,138.

On appeal, Adams argues the district court erred when it summarily dismissed his petition without addressing his substantive issues. He contends we "should not engage in factfinding on this meager record simply because the district court chose not to hear evidence." Instead, he contends that we should find "the district court's 'proof of exhaustion' summary dismissal is error and should be reversed in light of the circumstances."

Adams alleges an equitable exception to the proof of exhaustion requirement of K.S.A. 75-52,138 should exist when corrections staff "intentionally frustrates" the ability to provide proof of exhaustion "by failing to provide written documentation of the administrative proceedings to the inmate."

Adams acknowledges he did not file proof of exhaustion of his administrative remedies with his K.S.A. 60-1501 petition. Rather, he argues he was not given documentation of his efforts to exhaust his administrative remedies. He also contends that when corrections staff "intentionally frustrates" one's ability to provide proof of exhaustion, there should be an equitable exception to the proof of exhaustion requirement of K.S.A. 75-52,138. As such, he asserts he should be excused from its requirements.

In response, the KDOC asserts the district court correctly dismissed Adams' petition for failing to attach proof of exhaustion of his administrative remedies. The KDOC argues that Adams' petition was untimely because it was filed six years after the imposition of the gang curfew condition of postrelease supervision.

The KDOC also argues for the first time on appeal that Adams' motion to respond to order of summary dismissal—construed as a motion for reconsideration—was improper by asserting that the rules of civil procedure do not apply to habeas proceedings. Stated differently, the KDOC asserts that Adams' motion is only permitted by the Kansas rules of civil procedure and is inapplicable in habeas proceedings. This

4

argument, however, was never presented to the district court. Issues not raised before the district court generally cannot be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). We will therefore only consider KDOC's argument that Adams' petition fails because he does not include proof that he exhausted his administrative remedies and the petition was untimely.

We find Adams' arguments unpersuasive. To begin, as noted by KDOC, Adams did not initially include information or make reference in his K.S.A. 60-1501 petition regarding any attempts to exhaust his administrative remedies. He stated only that he was told he would have a gang curfew until he is off "parole" every time he sets "getting off this condition as a goal" or when he asks about "getting off this condition." And Adams' motion to respond to order of summary dismissal simply stated he did not receive his grievances or any answers in writing. He alleges he was told that "all records had to be requested by government agenc[ies], such as the courts."

Adams cannot rely on the information he provided in his motion to save his deficient petition. "A motion for reconsideration is considered a motion to alter or amend a judgment." *Honeycutt v. City of Wichita*, 251 Kan. 451, 460, 836 P.2d 1128 (1992). A motion to alter or amend the judgment "is not an opportunity to present additional evidence" when that evidence was available to a party at the time of judgment. *Ross-Williams v. Bennett*, 55 Kan. App. 2d 524, 564, 419 P.3d 608 (2018). The district court construed Adams' motion to respond to summary dismissal as a motion for reconsideration. Adams' motion provided additional evidence that was available to him at the time the summary dismissal occurred. This information should have been provided in Adams' K.S.A. 60-1501 petition, and a motion for reconsideration does not cure that error.

Further, even if Adams had shown that all administrative remedies had been exhausted, Adams' petition was undoubtedly untimely. Adams admits he did not file his

petition within 30 days, claiming he was ignorant of the law and its processes, he was not able to afford counsel, and he was unable to go to the law library for months while he was housed at El Dorado Correctional Facility. Adams did not provide the dates or any information regarding any attempts to exhaust his administrative remedies in support of this argument.

Adams asks us to take judicial notice of Internal Management Policy and Procedure (IMPP) 14-168A "as a 'duly published regulation' of the [KDOC]." The district court relied, in part, on IMPP 14-168A, so we accept Adams' invitation to take judicial notice of IMPP 14-168A.

IMPP 14-168A outlines the grievance procedure for released offenders and went into effect on February 1, 2016. Initially, the offender must "attempt to address the matter informally . . . ." IMPP 14-168A(II)(A). If that does not resolve the issue, "the offender must provide the Released Offender Grievance Form and any supporting documentation to the Parole Officer within 15 business days . . . ." IMPP 14-168A(II)(B). Then, if the issue is not resolved to the offender's satisfaction, the offender may provide "the grievance form and any supporting documentation to the Parole Director within three (3) calendar days." IMPP 14-168A(II)(C). If the issue remains unresolved to the offender's satisfaction, the offender may submit the grievance "to the Office of the Secretary of Corrections . . . within three (3) calendar days of receiving the response from the Parole Director." IMPP 14-168A(II)(D).

As Adams correctly notes, IMPP14-168A(III)(B) requires:  "All responses to formal grievances shall be made in writing and provided to the grieving party." The IMPP also sets out timelines for responses. Both a parole officer and the parole director must respond within 10 working days of receiving the grievance. IMPP 14-168A(III)(C)(1)-(2).

6

Within 20 working days of receiving the grievance, the Secretary of Corrections must respond. IMPP 14-168A(III)(C)(3). Notably, and relevant to this appeal, IMPP 14-168A(III)(E) states: "If a grievance response is not made in the required time frame, the offender may move to the next step in the grievance process."

Under IMPP 14-168A(II)(B), Adams' grievance had to be filed within 15 days of the imposition of the gang curfew condition of postrelease supervision. Although he does not provide the exact date, Adams acknowledges the gang curfew condition was added in 2018. The longest Adams had to wait before he exhausted his administrative remedies under IMPP 14-168A(III)(C) was 40 working days. As the district court noted in its summary dismissal, Adams' administrative remedies were exhausted "in 2018 or sometime in 2019."

Here, more than four years after Adams' administrative remedies were exhausted under IMPP 14-168A(III), Adams filed his K.S.A. 60-1501 petition. As noted earlier, a petition must be filed "within 30 days from the date the action was final, but such time is extended during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies." K.S.A. 2024 Supp. 60-1501(b). Adams' petition failed to show he attempted to exhaust his administrative remedies. As noted above, regardless of whether Adams had shown he exhausted his administrative remedies, Adams' petition was not timely filed. Accordingly, we find the district court did not err in summarily dismissing Adams' petition.

Affirmed.