NOT DESIGNATED FOR PUBLICATION

No. 127,918

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHRISTOPHER ERWIN,
*Appellant*,

v.

JEFFREY ZMUDA, SECRETARY OF CORRECTIONS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Submitted without oral argument. Opinion filed July 18, 2025. Affirmed.

*Christopher Erwin*, appellant pro se.

*Elizabeth Fowler*, legal counsel, Kansas Department of Corrections, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM: Christopher Erwin appeals the district court's denial of his K.S.A. 60-1501 petition after a nonevidentiary hearing. He received two separate disciplinary reports at the El Dorado Correctional Facility where he is incarcerated. An administrative hearing officer found him guilty of both charges. On appeal, Erwin contends that the district court incorrectly found that his due process rights were not violated. Likewise, he contends that the district court improperly determined that "some evidence" supported the administrative hearing officer's decision. Finding no reversible error, we affirm the district court's dismissal of Erwin's K.S.A. 60-1501 petition.

1

On March 22, 2021, a correctional officer issued a disciplinary report alleging that Erwin threatened to kill her and others in violation of K.A.R. 44-12-306. This violation stemmed from the officer allegedly refusing to allow Erwin—who claims to be diabetic—to go through a special line during mealtimes. On the same day, Erwin received another disciplinary report—from a corrections supervisor—alleging that he disobeyed a direct order in violation of K.A.R. 44-12-304.

Erwin was subsequently found guilty—in two separate disciplinary hearings. For the first violation, he was placed in disciplinary segregation for 15 days, had his privileges restricted for 60 days, and was ordered to pay a $20 fine. Similarly, for the second violation, he received a 30-day restriction on privileges and was ordered to pay a $10 fine. These sanctions were later reviewed and approved by both the Warden of the El Dorado Correctional Facility as well as the designee for the Secretary of Corrections.

Next, Erwin filed a K.S.A. 60-1501 petition against the Secretary of Corrections in the district court seeking judicial review in both of his disciplinary cases. The Secretary responded to the petition denying Erwin's claims. On April 26, 2024—after a nonevidentiary hearing held on March 12, 2024—the district court summarily dismissed Erwin's petition. In doing so, the district court explained:

> "In regard to the witness issue, the record and file shows that Erwin failed to follow K.A.R. 44-13-306 to properly request the witness's presence at the hearing. Additionally, it appears that Erwin failed to raise the issue of being denied the witness to the hearing officer at the time of the hearing.

> "In regard to sufficiency of evidence[,] the applicable standard of review for a court was set out in *Superintendent v. Hill*, 472 U.S. 445, 86 L. Ed. 2d 356, 105 S. Ct. 2768 (1985) and in *Shepherd v. Davies*, 14 Kan. App. 2d 333, 338, 789 P.2d 1190 (1990). Those decisions make it clear that due process requirements for inmates are satisfied i[f]

some evidence supports the decision by the prison disciplinary authorities and that examining the entire record, independently assessing the credibility of witness[es,] or weighing the credibility of witnesses is not required. Screaming and threatening to kill a correctional officer and refusing multiple orders to turn around so he could be cuffed up certainly satisfies the 'some evidence' standard. It's not the court's function to substitute its opinion for that of the hearing officer [or] to determin[e] [any] of the facts. No discrimination or retaliation is evident beyond [Erwin's] personal opinion.

"Additionally, Erwin has failed to show shocking and intolerable conduct of a constitutional nature. The court finds nothing atypical or beyond the normal incidents of prison life and internal discipline."

Thereafter, Erwin timely filed a notice of appeal.

ANALYSIS

On appeal, Erwin contends that the district court inaccurately found that the Kansas Department of Corrections (KDOC) had not violated his due process rights when it summarily dismissed his K.S.A. 60-1501 petition. Specifically, he argues that his due process rights were violated because the administrative hearing officer refused to allow him to call a witness in the first disciplinary case. But Erwin concedes that he failed to properly sign and date the witness request form required to call a witness. In response to Erwin's arguments, the Secretary of Corrections contends that Erwin was provided with the requisite level of due process necessary for prison disciplinary cases.

We exercise de novo review of orders summarily dismissing K.S.A. 60-1501 petitions. *Denney v. Norwood*, 315 Kan. 163, 175-76, 505 P.3d 730 (2022). Under K.S.A. 60-1501(a), any person that is "detained, confined, or restrained of liberty on any pretense whatsoever" can petition for a writ of habeas corpus in the county of their confinement. *Denney*, 315 Kan. at 173. To avoid summary dismissal of a K.S.A. 60-1501 petition, the inmate must allege "shocking and intolerable conduct or continuing

3

mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009).

When reviewing whether summary dismissal was appropriate, we "must accept all well-pled factual allegations as true." *Denney*, 315 Kan. at 173. "But if it is apparent from the petition and attached exhibits that the petitioner is entitled to no relief, then no cause for granting a writ exists and the court must dismiss the petition." 315 Kan. at 173. Furthermore, the imposition of a fine against an inmate is sufficient to implicate a denial of property rights that authorizes judicial review of the nature and extent of due process required at that disciplinary proceeding. See *Stano v. Pryor*, 52 Kan. App. 2d 679, 682, 372 P.3d 427 (2016). Here, appellate review is appropriate since it is undisputed that Erwin was fined in both disciplinary cases.

Turning to the question of due process, it is important to recognize from the outset that inmates involved in a prison disciplinary proceeding do not receive "'the full panoply of rights [that] a defendant in [criminal] proceedings does.'" *Hogue v. Bruce*, 279 Kan. 848, 851, 113 P.3d 234 (2005) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935 [1974]). In particular, an inmate's right to confront and cross-examine witnesses in a disciplinary case is limited. *In re Pierpoint*, 271 Kan. 620, 627-28, 24 P.3d 128 (2001) (citing *Wolff*, 418 U.S. at 567-70). In Kansas, administrative regulations govern the proper procedure—in a prison disciplinary proceeding—for the calling of other inmates or facility employees as witnesses. K.A.R. 44-13-405a(a).

A hearing officer in a prison disciplinary proceeding must balance the interests of the facility against the inmate's interests. K.A.R. 44-13-405a(a)(1)-(13). To request a witness to testify at a disciplinary hearing, an inmate must complete and submit the proper witness request form within 48 hours of service of the disciplinary report. If an inmate requests a witness, they must also indicate the anticipated testimony to be elicited from that witness. K.A.R. 44-13-306.

4

Upon receiving a proper request to call a witness in a prison disciplinary proceeding, a hearing officer has broad discretion in deciding whether to grant or deny the request. K.A.R. 44-13-405a(b). Denial of a request to call another inmate to testify as a witness requires that the hearing officer make a record explaining the decision. K.A.R. 44-13-101(c)(5); K.A.R. 44-13-405a(e). Still, the exclusion of evidence by a hearing officer is not grounds for setting aside, vacating, or modifying a disposition unless refusal to do so would be inconsistent with substantial justice. K.A.R. 44-13-707(a).

As other panels of this court have found, the failure of an inmate to include a witness form—in the record on appeal—is dispositive as to claims that a hearing officer violated an inmate's due process rights by denying their request to call a witness. See *Comstock v. Heimgartner*, No. 116,554, 2017 WL 2001639, at *4 (Kan. App. 2017) (unpublished opinion); *Henderson v. Pryor*, No. 117,692, 2018 WL 1247435, at *6 (Kan. App. 2018) (unpublished opinion). Even constitutional errors—including the denial of a witness to testify in a prison disciplinary proceeding—do not necessarily require reversal if they are harmless. *Kinney v. Heimgartner*, No. 113,074, 2015 WL 8589867, at *5 (Kan. App. 2015) (unpublished opinion).

Based on our review of the record on appeal, we find that the district court's summary dismissal of Erwin's K.S.A. 60-1501 petition was proper. As discussed above, Erwin was first required to submit a witness request form under K.A.R. 44-13-306. Yet we find no such request form in the record. Moreover, Erwin concedes that he failed to sign and date the form as required by K.A.R. 44-13-306. Similar to the respective decisions of the *Comstock* and *Henderson* panels, we conclude that the failure to include the witness request form in the record is dispositive of Erwin's appeal. See 2017 WL 2001639, at *4; 2018 WL 1247435, at *6. Likewise, we conclude that Erwin's appeal also fails due to his admission that he did not sign and date the witness request form.

5

Erwin further suggests that we consider events outside of the record on appeal because he allegedly did not receive a proper table of contents from the clerk of the district court. He maintains that the clerk failed to include the transcript of the nonevidentiary K.S.A. 60-1501 hearing—which took place on March 12, 2024—as well as other documents. Yet a review of the record reveals that although he made a request for the transcript of the hearing, the transcription costs were never paid. We further find that the transcript would not have been material to our decision on appeal since our review is de novo.

Finally, Erwin argues that the district court incorrectly found that some evidence supported the administrative hearing officer's decision. As indicated above, inmates involved in a prison disciplinary proceeding have fewer due process rights than they would in a criminal proceeding. *Hogue*, 279 Kan. at 851. In reviewing a hearing officer's findings and conclusions, the pertinent question is "whether there is *any evidence* in the record that could support the conclusion reached[.]" (Emphasis added.) *May v. Cline*, 304 Kan. 671, 674, 372 P.3d 1242 (2016); see *Norwood v. Roberts*, 53 Kan. App. 2d 772, 775, 393 P.3d 169 (2017). Determining whether there was "some evidence" to support a hearing officer's decision in a prison disciplinary proceeding "does not require [the reviewing court to examine] the entire record, [make an] independent assessment of [witness credibility], or [reweigh] the evidence." *May*, 304 Kan. at 674 (quoting *Sammons v. Simmons*, 267 Kan. 155, Syl. ¶ 3, 976 P.2d 505 [1999]).

Kansas administrative regulations strictly prohibit prison inmates from threatening or intimidating others through any direct or indirect means. K.A.R. 44-12-306(a). Yet the subjective impression that a target has involving the nature of a perceived threat "shall not be [used as] a factor in proving a violation of subsection (a)." K.A.R. 44-12-306(c). Inmates are also subject to orders given to them by the KDOC officers. K.A.R. 44-12-304(a). If a prison inmate rejects or violates an order, the specific circumstances surrounding the incident must be included within: (1) the disciplinary report in which the

6

charge appears; (2) an investigation report; and (3) the reporter's written statement in lieu of testimony. K.A.R. 44-12-304(b)(1)-(3).

Unlike *Macomber v. Cline*, No. 122,781, 2021 WL 1228135, at *5-6 (Kan. App. 2021) (unpublished opinion), we find nothing in the record to suggest that the correctional officers who reported the alleged disciplinary violations here committed any "fraud or substantial error." Here, Erwin was allowed by the hearing officer to cross-examine the correction officers that reported the violations. And the hearing officer found the testimony of both officers to be persuasive. Likewise, no change to the alleged disciplinary violations—from the original disciplinary reports—took place nor did the district court make any improper character determinations when summarily dismissing Erwin's K.S.A. 60-1501 petition. See 2021 WL 1228135, at *2, 5-6.

Based on our review of the record, we find that there is "some evidence" to support the allegation of the disciplinary violations in both cases. In the first case, the corrections officer wrote in the disciplinary report that Erwin said "he was going to kill me/everyone" after he was not allowed to join the special meal line for diabetics. Further, the officer testified about the threat to kill her at the disciplinary hearing. In the second case, the record evidences that Erwin refused direct orders given to him while he was being restrained and moved to another cell. In fact, Erwin admitted to refusing a direct order—during the second disciplinary hearing—by asking the corrections supervisor if he remembered the reason that Erwin gave for refusing the supervisor's direct order.

In summarily dismissing the K.S.A. 60-1501 petition, the district court appropriately ruled that Erwin's actions violated administrative regulations. In particular, the district court found that Erwin "[s]creaming and threatening to kill a correctional officer and refusing multiple orders to turn around so he could be cuffed up certainly satisfies the 'some evidence' standard." In addition, the district court found that Erwin did not follow the proper procedures under K.A.R. 44-13-306 to call a fellow inmate as a

witness at his disciplinary hearing. Based on our review of the record on appeal, we agree with the district court's conclusions. Accordingly, we find that the district court's summary dismissal of Erwin's K.S.A. 60-1501 petition should be affirmed.

Affirmed.