NOT DESIGNATED FOR PUBLICATION

No. 128,200

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

S.L.S.,
*Appellant*,

v.

DAN SCHNURR, WARDEN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; DANIEL D. GILLIGAN, judge. Oral argument held July 8, 2025. Opinion filed August 22, 2025. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, for appellee.

Before CLINE, P.J., MALONE and PICKERING, JJ.

PER CURIAM: S.L.S. appeals the district court's summary dismissal of his K.S.A. 60-1501 petition alleging the Kansas Department of Corrections (KDOC) miscalculated his parole eligibility date. For the reasons explained below, we find no error and affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On October 25, 1993, S.L.S. pleaded no contest in Sedgwick District Court to one count each of aggravated kidnapping, felony murder, aggravated robbery, and possession

of a firearm by a minor. Aggravated kidnapping under K.S.A. 1992 Supp. 21-3421 and felony murder under K.S.A. 1992 Supp. 21-3401 were class A felonies. It is undisputed that S.L.S. committed the crimes as a juvenile but was referred for adult prosecution. On December 7, 1993, the district court sentenced S.L.S. to consecutive terms of life imprisonment for aggravated kidnapping and felony murder, a minimum of 10 years to life imprisonment for aggravated robbery, and 30 days in jail for possession of a firearm.

On January 8, 2024, S.L.S. filed a K.S.A. 60-1501 petition in Reno District Court, the county where he is incarcerated, against Dan Schnurr, the warden, alleging the KDOC miscalculated his parole eligibility date. S.L.S. alleged the KDOC originally had given him a parole eligibility date of May 19, 2008, but that date had since been erroneously recalculated to May 19, 2028. For relief, he asked the district court to schedule a hearing on the issues set forth in the petition and to order his immediate release from custody.

S.L.S. attached to his petition various documents showing his attempts to address his allegations administratively. The most recent of those documents was a letter dated November 21, 2023, that denied a grievance appeal and stated the issue should be addressed in district court. S.L.S. alleged in his petition that he received the letter on December 4, 2023. The envelope containing the K.S.A. 60-1501 petition was dated January 4, 2024, and the petition was filed-stamped by the clerk on January 8, 2024.

The district court summarily dismissed the petition on June 13, 2024. The district court construed the petition as a motion attacking an illegal sentence and found it lacked jurisdiction to hear the case because it should have been brought under K.S.A. 22-3504 in the sentencing court's jurisdiction.

On July 8, 2024, S.L.S. moved to alter or amend the judgment under K.S.A. 2024 Supp. 60-259(f), arguing that his petition only challenged the KDOC's calculation of his

2

parole eligibility date and not the legality of his sentence. He also argued that as a youthful offender, the law required that he receive a meaningful parole opportunity.

The district court denied the motion on July 9, 2024. It found the KDOC correctly calculated his parole eligibility at 35 years, and his status as a youthful offender did not change that calculation or its legality. S.L.S. appealed on July 29, 2024.

ANALYSIS

On appeal, S.L.S. claims the district court erred in dismissing his K.S.A. 60-1501 petition. Schnurr responds and argues that the notice of appeal is untimely and that S.L.S. failed to file his K.S.A. 60-1501 petition within 30 days of exhausting his administrative remedies. On the merits, Schnurr argues that S.L.S. is not eligible for parole until May 19, 2028, and the district court correctly dismissed the petition. In a reply brief, S.L.S. argues that his K.S.A. 60-1501 petition was timely filed in district court and that his notice of appeal also was timely filed.

*Does this court have jurisdiction to hear this appeal?*

Schnurr claims this court lacks jurisdiction to hear this appeal because S.L.S. failed to file his notice of appeal within 30 days of the district court's first order dismissing the K.S.A. 60-1501 petition on June 13, 2024. He claims that while typically a timely motion to alter or amend the judgment tolls the time to appeal, *Denney v. Norwood*, 315 Kan. 163, 170, 505 P.3d 730 (2022), made the rules of civil procedure inapplicable to cases brought under K.S.A. 60-1501. Therefore, he argues S.L.S.'s motion to alter or amend did not toll S.L.S.'s time to appeal because that motion was not available to S.L.S. in this K.S.A. 60-1501 case.

Schnurr extends the *Denney* decision too far. That case addressed whether the motion to dismiss and summary judgment standards under K.S.A. 2020 Supp. 60-212(b)(6) and K.S.A. 2020 Supp. 60-256 applied over the alternate framework provided in K.S.A. 60-1501 et seq. The court found that the habeas corpus statutes in K.S.A. 60-1501 et seq. provide their own mechanisms for dismissal, so the traditional civil procedure methods were not applicable in habeas corpus cases. 315 Kan. at 170-72. In doing so, the court reiterated that "proceedings under K.S.A. 60-1501 are not generally subject to the ordinary rules of civil procedure." 315 Kan. at 171.

Schnurr takes that language to mean that no rules of civil procedure apply in a K.S.A. 60-1501 proceeding and therefore S.L.S. had no right to file a motion to alter or amend the judgment under K.S.A. 60-259(f). But the *Denney* court focused on the applicability of dismissal and summary judgment under K.S.A. 2020 Supp. 60-212(b)(6) and K.S.A. 2020 Supp. 60-256. Because the habeas corpus statutes provide their own mechanisms for dismissal, the court found the traditional civil procedure methods for dismissal did not apply in habeas corpus cases. 315 Kan. at 170-72. But it acknowledged that other rules of civil procedure that do not conflict with the K.S.A. 60-1501 et seq. framework could apply. For example, it cited to this court's decision in *Johnson v. Zmuda*, 59 Kan. App. 2d 360, 365, 481 P.3d 180 (2021), for its holding that venue transfers under K.S.A. 60-611 applied in K.S.A. 60-1501 proceedings. 315 Kan. at 170.

Contrary to Schnurr's claim, *Denney* does not hold that no rules under chapter 60 apply to habeas corpus proceedings. Aside from *Denney*, Schnurr cites no case to support his claim that a K.S.A. 60-1501 petitioner is barred from filing a motion to alter or amend under K.S.A. 60-259(f). We find that such a motion is still available in a K.S.A. 60-1501 proceeding where it does not disrupt the alternate framework for how the district court or appellate courts evaluate the case. Here, the district court initially misconstrued the K.S.A. 60-1501 petition as a motion attacking an illegal sentence and dismissed it for lack of jurisdiction. S.L.S. moved to alter or amend the judgment and correctly argued

4

that the petition only challenged the KDOC's calculation of his parole eligibility date—a proper issue to be raised in a K.S.A. 60-1501 proceeding. The district court agreed and addressed the merits of the petition, although it still denied S.L.S. any relief. Because a motion to alter or amend fits consistently within the K.S.A. 60-1501 et seq. framework, and because *Denney* does not bar such a motion in habeas corpus cases, we conclude that S.L.S. was authorized to file a motion to alter or amend the judgment.

Schnurr does not dispute that S.L.S. timely moved to alter or amend the judgment, he merely disputes whether the motion was available to S.L.S. to toll the time to appeal. We disagree for the reasons we have stated. The district court denied the motion on July 9, 2024, which began the 30-day deadline to file a notice of appeal. See K.S.A. 2024 Supp. 60-2103(a). S.L.S. filed his notice of appeal on July 29, 2024. Thus, we conclude this court has jurisdiction to hear this appeal.

*Was the K.S.A. 60-1501 petition time-barred?*

Schnurr next claims that S.L.S. did not timely file his K.S.A. 60-1501 petition in district court within 30 days of the final administrative order denying his attempts for administrative relief. While Schnurr originally styled this claim as jurisdictional, he agreed in his Rule 6.09 letter that the deadline to file a K.S.A. 60-1501 petition is a statute of limitations. *Gray v. Schnurr*, No. 127,952, 2025 WL 1276815, at *2 (Kan. App. 2025) (unpublished opinion). That distinction matters because subject matter jurisdiction may be raised at any time, whether for the first time on appeal or even on the appellate court's own motion. *Baker v. Hayden*, 313 Kan. 667, 673, 490 P.3d 1164 (2021).

Typically, issues not raised below will not be considered on appeal. *In re B.H.*, 64 Kan. App. 2d 480, 487, 550 P.3d 1274 (2024). Although there are exceptions to this general rule, Schnurr does not argue that any apply here. Schnurr did not raise the statute

5

of limitations below and the district court did not address the issue in its ruling. We find the issue is unpreserved and decline to address it for the first time on appeal.

*Did the district court err in dismissing the K.S.A. 60-1501 petition?*

Turning to the merits, S.L.S. claims the district court erred in dismissing his K.S.A. 60-1501 petition. He argues that under the applicable statutes, his parole eligibility date should be May 19, 2008, instead of May 19, 2028. Whether the district court erred in summarily dismissing S.L.S.'s petition is a question of law over which this court has unlimited review. *Denney*, 315 Kan. at 176. Resolution of S.L.S.'s claims require statutory interpretation, which is a question of law over which this court has unlimited review. *Roe v. Phillips County Hospital*, 317 Kan. 1, 5, 522 P.3d 277 (2023).

K.S.A. 1992 Supp. 22-3717(b) provides that an inmate sentenced for committing a class A felony shall be parole eligible after 15 years without deduction of good time credit. S.L.S. was convicted of two class A felonies and received consecutive sentences. The statute allows for aggregated parole eligibility in cases like his involving multiple consecutive sentences. Subsection (c) provides:

> "(c) Except as provided in subsection (d), if an inmate is sentenced to imprisonment for more than one crime and the sentences run consecutively, the inmate shall be eligible for parole after serving the total of:
> (1) The aggregate minimum sentences, as determined pursuant to K.S.A. 21-4608 and amendments thereto, less good time credits for those crimes which are not class A felonies; and
> (2) an additional 15 years, without deduction of good time credits, for each crime which is a class A felony." K.S.A. 1992 Supp. 22-3717(c)(1)-(2).

The district court found that the KDOC properly calculated S.L.S.'s parole eligibility at 35 years. S.L.S. was sentenced consecutively to two class A felonies which

6

aggregate to 30 total years under subsection (c)(2). Then the aggregate minimum sentence less good time credit for the aggravated robbery conviction must be added under subsection (c)(1). For the aggravated robbery conviction, S.L.S. was sentenced to a minimum 10-year prison term. K.S.A. 1992 Supp. 22-3725(a) provides a good time credit calculation table for parole eligibility purposes showing that for a 10-year minimum prison sentence, 5 years of good time credit may be deducted leaving 5 years for purposes of parole calculation under K.S.A. 1992 Supp. 22-3717(c)(1). Therefore, under these statutes, S.L.S. will be parole eligible after serving 15 + 15 + 5 or 35 years.

S.L.S. acknowledges these statutes but argues without support that K.S.A. 1992 Supp. 22-3717(c) only applies to consecutive sentences in different cases and not consecutive sentences for multiple convictions within the same case. But that argument is contrary to the plain language of the statute.

The district court in its denial of S.L.S.'s motion to alter or amend cited to *Rojas v. Roberts*, No. 97,712, 2007 WL 2080522 (Kan. App. 2007) (unpublished opinion). Rojas was sentenced to life imprisonment for aggravated kidnapping to run consecutive to 15-year minimum to life sentences for two second-degree murder convictions. Rojas challenged the calculation of his parole eligibility on appeal from the dismissal of a K.S.A. 60-1501 petition. This court found, consistent with K.S.A. 1986 Supp. 22-3717, that Rojas' parole eligibility was 15 years for the aggravated kidnapping, a class A felony, plus 7 and a half years for each of the second-degree murder convictions. Thus, Rojas had to serve 30 years before becoming parole eligible. 2007 WL 2080522, at *2. The district court cited *Rojas* to show that the same calculation method should apply here.

S.L.S. acknowledges the district court's reliance on *Rojas*, but argues it is inapplicable because S.L.S. was convicted of two class A felonies. S.L.S. claims that the parole eligibility for his two class A felonies cannot be aggregated and that there were no class A offenses in *Rojas*. But S.L.S. is incorrect that Rojas was not convicted of a class

7

A felony. Rojas, just like S.L.S., was convicted of the class A felony aggravated kidnapping. *Rojas* is instructive because it shows the proper application of the parole eligibility statute. We conclude that based on S.L.S.'s consecutive sentences, the district court correctly found he is eligible for parole after serving 35 years' imprisonment.

Finally, S.L.S. argues that serving 35 years in prison as a youthful offender before becoming parole eligible is unconstitutional. S.L.S. briefly mentions that the American Civil Liberties Union (ACLU) and the KDOC entered into a contract requiring that youthful offenders be given a meaningful chance at parole at their first parole hearing. But this fact has no bearing on the KDOC's calculation of when S.L.S. would become parole eligible in the first place. S.L.S. does not expand on this contract argument in his briefs and instead focuses on the Eighth Amendment to the United States Constitution. We find S.L.S. has waived and abandoned the contract issue. See *Friedman v. State Bd. of Healing Arts*, 296 Kan. 636, 645, 294 P.3d 287 (2013) (issues incidentally raised and not argued or supported with pertinent authority are deemed waived and abandoned).

S.L.S. then cites United States Supreme Court cases such as *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), for its holding that a life sentence without parole for juvenile offenders violates the Eighth Amendment's prohibition on cruel and unusual punishment. We observe this portion of S.L.S.'s argument *is* challenging the legality of his sentence and a K.S.A. 60-1501 petition is not the proper vehicle to challenge a sentence. In any event, as S.L.S. concedes, the Kansas Supreme Court has held that a life sentence for a juvenile without the possibility of parole for 618 months for a murder conviction and a consecutive 61 months' imprisonment for a robbery conviction does not violate the Eighth Amendment. *State v. Gulley*, 315 Kan. 86, 101-04, 505 P.3d 354 (2022). S.L.S. does not explain how his significantly shorter 35-year parole eligibility is unconstitutional despite the decision in *Gulley*.

Affirmed.

8