NOT DESIGNATED FOR PUBLICATION

No. 128,954

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JEREMY L. COLLINS,
*Appellant*,

v.

JEFFREY ZMUDA, SECRETARY OF CORRECTIONS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Norton District Court; PAULA HOFAKER, judge. Submitted without oral argument. Opinion filed November 21, 2025. Affirmed.

*Bradley T. Steen*, of Law Office of B. Truman Steen, LLC, of Salina, for appellant.

*Christine M. Tortorice*, legal counsel, Kansas Department of Corrections, for appellee.

Before HURST, P.J., GARDNER and BOLTON FLEMING, JJ.

PER CURIAM: Jeremy L. Collins, an inmate at Norton Correctional Facility, failed a urinalysis test and was fined $20, lost 10 days of good-time credit, and had his privileges restricted. Collins exhausted his administrative remedies and then filed a K.S.A. 60-1501 petition, arguing the facility did not follow the proper hearing procedure in violation of his constitutional rights. The district court summarily dismissed his K.S.A. 60-1501 petition. Collins timely appeals.

On appeal, we consider whether the district court erred in summarily dismissing Collins' due process claim under K.S.A. 60-1501. Collins failed urinalysis testing in

violation of K.A.R. 44-12-312. Although Collins had a due process interest due to his financial penalty and lost good-time credit, his due process rights were not violated when his disciplinary hearing was continued and ultimately held 15 working days after his disciplinary report instead of 7 days as set forth in K.A.R. 44-13-401. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Jeremy L. Collins is an inmate at Norton Correctional Facility. On August 15, 2023, facility staff conducted a urinalysis test on Collins. The test was positive for methamphetamines. On August 16, 2023, Collins received a disciplinary report that alleged Collins violated K.A.R. 44-12-312 pertaining to stimulants, sedatives, and other unauthorized drugs. The parties agree that once Collins received notice of his violation, the State had "not less than 24 hours or more than seven working days" to conduct his administrative hearing on the violation under K.A.R. 44-13-401(a). That same regulation allows "authorized continuances."

On August 25, 2023, Collins received a separate notice that his hearing had been continued due to a request from the State. This notice did not give a hearing date, but said Collins would be notified of the hearing date and time. Collins filed a facility grievance the same day, alleging the hearing continuance was a "'procedural error' constituting a 'due process' violation pursuant to K.A.R. 44-13-401(a) and (b)." The Kansas Department of Corrections (KDOC) responded that Collins had not "been adversely affected" by the continuance.

Collins' disciplinary hearing was held on August 31, 2023. The hearing officer found Collins violated K.A.R. 44-12-312 by failing the urinalysis test. As a result, Collins' privileges were restricted, he was fined $20, and he lost 10 days of good-time credit.

2

On September 26, 2023, Collins appealed to the Secretary of Corrections. The Secretary affirmed the decision, finding there was substantial compliance with standards and procedures and the "Hearing Officer's decision was based on some evidence."

Collins timely filed a K.S.A. 60-1501 petition in the district court alleging his disciplinary violation should be reversed. The district court summarily dismissed Collins' petition, finding there was some evidence for the hearing officer's decision, and no harm or prejudice was caused by any delay in the disciplinary hearing. The district court concluded, "the procedural errors complained about by Collins do not rise to an unconstitutional level."

Collins filed a timely notice of appeal.

ANALYSIS

DID THE DISTRICT COURT ERR IN SUMMARILY DISMISSING COLLINS' K.S.A. 60-1501 PETITION?

*Standard of Review*

To state a claim for relief under K.S.A. 60-1501 and avoid summary dismissal, a "petition must allege 'shocking and intolerable conduct or continuing mistreatment of a constitutional stature.'" *Denney v. Norwood*, 315 Kan. 163, 173, 505 P.3d 730 (2022). The district court must accept the facts presented by the inmate as true. If the court determines the petitioner is not entitled to relief, "no cause for granting a writ" should be provided and the court must dismiss the petition. 315 Kan. at 173. In those cases, summary dismissal is proper. 315 Kan. at 173.

When a district court declines to issue a writ from a habeas corpus petition, the appellate court is "in just as good a position as the district court to determine whether it

plainly appears from the face of the petition and any supporting exhibits that the plaintiff is entitled to no relief." Thus, an appellate court's review is de novo. *Denney*, 315 Kan. at 175. Further, due process claims are "a question of law over which we have unlimited review." *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

*Discussion*

Collins submitted a urinalysis test on August 15, 2023. The positive test results were provided to him the following day on August 16, 2023, within a disciplinary report. Collins has never contested the underlying urinalysis testing procedure or results. Collins' hearing was held 15 working days after his disciplinary report, rather than the required 7 working days under K.A.R. 44-13-401(a). Collins alleges this delay violated his due process rights.

*Collins is entitled to due process.*

When analyzing due process claims, courts first determine if the State has deprived the petitioner of "life, liberty, or property." *Hogue*, 279 Kan. at 850-51. If an action by the State has caused deprivation, the court must then "determine the extent and nature of the process which is due." 279 Kan. at 851. The district court found Collins had a property interest because he was fined $20. The imposition of a fine is a deprivation that requires the court to determine what process is due even if "only a small amount has been taken from an inmate's account." *Washington v. Roberts*, 37 Kan. App. 2d 237, 240, 152 P.3d 660 (2007).

Collins also lost 10 days of good-time credit that he had previously earned. The district court did not make a finding regarding this interest, but Collins has a protected liberty interest derived from the loss of days accrued. Collins and the KDOC agree that a liberty interest exists. "The United States Supreme Court held that the Due Process

Clause itself does not create a liberty interest in credit for good behavior," but statutes "created a liberty interest in a shortened prison sentence which resulted from good time credits." *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 627, 24 P.3d 128 (2001).

Since Collins' violation includes liberty and property interests, we must then consider what process he is due in a disciplinary proceeding. Due process "'is not a technical conception with a fixed content unrelated to time, place, and circumstances.'" *Hogue*, 279 Kan. at 851.

In *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974), the United States Supreme Court recognized the rights due to a prisoner in disciplinary proceedings as "'an impartial hearing, a written notice of the charges to enable inmates to prepare a defense, a written statement of the findings by the factfinders as to the evidence and the reasons for the decision, and the opportunity to call witnesses and present documentary evidence.'" *Hogue*, 279 Kan. at 851.

Collins argues on appeal that his due process rights have been violated because his hearing was not held within seven working days and the continuance of his hearing was improper.

*Collins' hearing was required to be conducted within "seven working days."*

K.A.R. 44-13-401(a) provides the timeframe for Collins' administrative hearing and notes the availability of a continuance:

> "Except as otherwise provided in these regulations, the administrative hearing by
> a hearing officer of the facility to determine the inmate's guilt or innocence and impose a
> penalty in the event of a finding of guilt shall be held not less than 24 hours or more than

5

seven working days after the service of notice of charge on the inmate, subject to authorized continuances."

The grounds for continuance are outlined in K.A.R. 44-13-402, which states in full:

"(a) The disciplinary administrator or hearing officer may grant one or more continuances or recesses of appropriate and reasonable length upon application of the inmate, reporting officer, the hearing officer, a unit team manager pursuant to K.A.R. 44-13-201a, or department of corrections for cause shown.

"(b) The hearing officer may also continue the case for a reasonable period, as necessary, subject to the review of the status of the case every 30 days, if any of the following conditions is met:

(1) The inmate or the employee is unable to appear for medical or psychiatric reasons as certified by the facility or other licensed physician or psychiatrist.

(2) There is a delay to await determination of whether the case will go to trial in a court of law or to await the outcome of a trial.

(3) There is an unavoidable delay to await the return of evidence from an analysis laboratory.

(4) The inmate is transferred to or from a facility for diagnostic evaluation, out to court, or to a mental hospital before hearing.

(5) The inmate is on 'escape' status. At the hearing officer's discretion, the case may be dismissed or heard in absentia on the record, unless the inmate has been apprehended and is available at a known location for return to department of corrections custody for the hearing within six months.

(6) The case has been placed upon diversion status pursuant to K.A.R. 44-13-201a.

"(c) To obtain a continuance in advance of the hearing, the requesting party shall make the request to the hearing officer or to the disciplinary administrator. If there is a hearing officer appointed for the case, the request shall be forwarded to that officer.

(1) Reasonable extensions may be obtained with the prior approval of the secretary of corrections or the secretary's designee, in the case of a substantial disruption of order in the facility.

(2) If an inmate has been transferred to another facility, it shall be the responsibility of the warden of the sending facility to grant an extension of the disciplinary case, which shall not exceed 10 working days.

(3) At the discretion of the hearing officer, recesses of appropriate and reasonable length may be declared."

The district court found the notice of continuance specified in K.A.R. 44-13-402(a) was given to Collins one hour and 23 minutes beyond the seven-working-day deadline contained in K.A.R. 44-13-401(a). Neither Collins nor the KDOC addressed how to compute the relevant time in their briefs. The district court did not provide a reason for computing time to the minute rather than by day and cited no authority.

The district court relied on an unpublished opinion to define working days. In *Jamerson v. Heimgartner*, No. 110,977, 2014 WL 2871439 (Kan. App. 2014) (unpublished opinion), a panel of our court reviewed whether Jamerson had properly exhausted administrative remedies as set forth in K.A.R. 44-15-102. They reasoned that a working day "refers to Mondays through Fridays, exclusive of legal holidays. We have found no directly applicable definition of 'working day.' But that is a sensible interpretation." *Jamerson*, 2014 WL 2871439, at *2. The *Jamerson* court based its decision on the language of K.S.A. 2013 Supp. 66-1802(v) (for purposes of Kansas Underground Utility Damage Prevention Act, "working day" means Mondays through Fridays, not including specified legal holidays) and a number of decisions from other jurisdictions. It did not consider the applicability of K.S.A. 60-206.

K.S.A. 2024 Supp. 60-206 may be applied to an "administrative rule or regulation that does not specify a method of computing time." K.S.A. 2024 Supp. 60-206(a). It is plausible that the district court described the computation of time in hours because of language found in K.S.A. 2024 Supp. 60-206(a)(2):

"(2) *Period stated in hours*. When the period is stated in hours:

7

(A) Begin counting immediately on the occurrence of the event that triggers the period;

(B) count every hour, including hours during intermediate Saturdays, Sundays and legal holidays; and

(C) if the period would end on a Saturday, Sunday or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday or legal holiday." K.S.A. 2024 Supp. 60-206(a)(2).

And if a period of time is stated in days, the counting occurs differently:

"(1) *Period stated in days or a longer unit*. When the period is stated in days or a longer unit of time:

(A) Exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." K.S.A. 2024 Supp. 60-206(a)(1).

Here, K.A.R. 44-13-401(a) requires Collins' administrative hearing to be conducted "not less than 24 hours or more than seven working days after the service of notice of charge on the inmate, subject to authorized continuances." The regulation contains a deadline expressed in both hours and "working days," which makes its application difficult. But clearly, Collins' administrative hearing did not occur less than 24 hours after he received his disciplinary report. Any violation of time limits occurred because the State failed to conduct the hearing within "seven working days."

K.A.R. 44-13-401(a) does not define "working days," and so it is appropriate to turn to K.S.A. 2024 Supp. 60-206(a)(1). K.S.A. 2024 Supp. 60-206(a)(1) requires us to exclude the day that triggers the event and count Saturday, Sunday, and legal holidays. If the deadline falls on a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." K.S.A. 2024

8

Supp. 60-206(a)(1)(C). This interpretation actually benefits Collins more than the interpretation found under *Jamerson*. See 2014 WL 2871439, at *2. We will assume here that Collins is entitled to the more beneficial determination because K.A.R. 44-13-401(a) fails to define "working days," and K.S.A. 2024 Supp. 60-206(a)(1) may operate to fill that gap.

*Collins' disciplinary hearing was held beyond the deadline.*

Collins was provided with a disciplinary report on Wednesday, August 16, 2023. That day is excluded in the computation of "seven working days." Collins' hearing was required to be heard on or before Wednesday, August 23, 2023.

On Friday, August 25, 2023, two days after the deadline to conduct the hearing, Collins was given notice that his disciplinary hearing had been continued to an unspecified future date and time.

Collins' disciplinary hearing was ultimately held on Thursday, August 31, 2023, 15 days after the disciplinary violation notice, and 8 days past the "seven working days" deadline found in K.A.R. 44-13-401(a).

*The violation of the deadline in K.A.R. 44-13-401(a) did not deprive Collins of due process.*

It is clear from the record that the continuance in Collins' disciplinary hearing occurred outside the 7-working-day deadline for the hearing, and that the disciplinary hearing was not held until 15 working days after Collins was first provided notice of his violation. And it is true the language of the order of continuance does not provide a reason or grounds "for cause shown." The question becomes, did these delays and omissions deprive Collins of due process?

9

We find that even if the continuance was granted after the seven-working-day deadline and failed to include specific "for cause shown" language, those failures did not amount to a constitutional violation. Similarly, although the disciplinary hearing occurred 15 days after the original disciplinary report, that delay did not violate Collins' constitutional rights. Collins' arguments fail because he has not established prejudice. See *Hogue*, 279 Kan. at 855-56.

In *Hogue*, the inmate's appeal was misplaced by the Department of Corrections. It was eventually located, but the administrative hearing was conducted outside the two-day deadline in the relevant regulation. Hogue argued his constitutional rights were violated due to the delay. 279 Kan. at 855. The *Hogue* court agreed with the language relied on in *Anderson v. McKune*, 23 Kan. App. 2d 803, 93 P.2d 16 (1997), which held:

> "The mere fact that a hearing officer in a prison discipline case has not followed DOC procedural regulations does not of itself violate fundamental fairness that rises to an unconstitutional level. Without much more, a petition for habeas corpus alleging procedural errors at a prison disciplinary hearing must fail. As a general rule, prison officials are given flexibility in executing internal prison policies and procedures which are designed to preserve internal order and discipline." 23 Kan. App. 2d at 811.

The Kansas Supreme Court further stated that "Hogue had failed to show how he was prejudiced or his constitutional rights violated by the delay caused when the Department of Corrections lost his appeal." *Hogue*, 279 Kan. at 856. Similarly, Collins does not provide any evidence that he was adversely affected by the continued hearing. He also does not refute the positive urinalysis test.

The district court relied on *Leek v. Bosch*, No. 113,428, 2015 WL 6619713 (Kan. App. 2015) (unpublished opinion), because the court determined it was "squarely on point with the case herein." In *Leek*, the Department of Corrections originally scheduled

the inmate's disciplinary hearing for eight working days after he received notice of the charges against him. The court stated,

> "In essence, Leek asks this court to find that the KDOC violated his due process rights because the KDOC failed to follow its administrative regulation, not because he suffered any prejudice because of the KDOC's failure to follow its own regulation.
>
> "To succeed on appeal, Leek must show this court that the KDOC's failure to comply with K.A.R. 44-13-401(a) harmed him. On appeal, however, Leek does not argue that he was harmed by the KDOC's failure to comply with K.A.R. 44-13-401(a). As a result, Leek's argument that his due process rights were violated necessarily fails." 2015 WL 6619713, at *4-5.

The facts in *Leek* are similar to those herein.

The continuance of Collins' hearing came two days late and without any language indicating the reason for the continuance. Collins' disciplinary hearing was also held eight days late. But Collins has not identified how he has been prejudiced by any omission or delay. He does not contest the underlying positive test result for methamphetamines. And Collins has failed to argue how the result of his administrative hearing would have been different but for the delay in his case. Courts will affirm the hearing officer's decision so long as the inmate receives a hearing and "some evidence" is provided to uphold the prison officials' disciplinary action. *Washington*, 37 Kan. App. 2d at 246.

Collins received due process in this case. In *Anderson*, 23 Kan. App. 2d at 811, our court held:

> "The mere fact that a hearing officer in a prison discipline case has not followed DOC procedural regulations does not of itself violate fundamental fairness that rises to an unconstitutional level. Without much more, a petition for habeas corpus alleging procedural errors at a prison disciplinary hearing must fail."

11

Even if we accept the facts presented by Collins as true, that the continuance was improperly granted and the disciplinary hearing was held outside the seven-working-day deadline by eight days, we find that Collins is not entitled to relief. Collins has failed to show that he was prejudiced by the continuance or overall delay in his case. *Denney*, 315 Kan. at 173. The district court did not err in granting summary dismissal.

Affirmed.