NOT DESIGNATED FOR PUBLICATION

No. 129,273

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLINT E. WOODS,
*Appellant*,

v.

HARVEY COUNTY SHERIFF CHAD GAY,
*Appellee*.

MEMORANDUM OPINION

Appeal from Harvey District Court; JASON R. LANE, judge. Submitted without oral argument. Opinion filed May 29, 2026. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*David R. Cooper* and *Katherine E. Sittenauer*, of Fisher, Patterson, Sayler & Smith, LLP, of Topeka, for appellee.

Before WARNER, C.J., HILL and BRUNS, JJ.

PER CURIAM: In this appeal, arising out of two consolidated cases, Clint E. Woods challenges the district court's summary denial of both his K.S.A. 60-1501 petitions as well as the denial of a subsequently filed motion to alter or amend. Woods contends that the district court erred in finding that he failed to establish a sufficient restraint on his liberty to proceed with his K.S.A. 60-1501 petitions. He also asserts that the district court misapprehended the petitions. But based on our review of the record on appeal, we do not find that the district court erred either in summarily denying Woods' K.S.A. 60-1501 petitions or in denying his motion to alter or amend. Thus, we affirm.

1

The parties are familiar with the underlying facts and procedural history. As such, they will not be set forth in this opinion. Significant to the issues presented in this appeal, Woods was convicted of aggravated indecent solicitation of a child in 1997 and of second-degree murder in 2003. Both cases were from Sedgwick County. In the 1997 case, Woods was required to register as a sex offender for 10 years. Moreover, in the 2003 case, Woods was also required to register as a violent offender for 10 years.

In 2023, Woods was charged in Butler County for failing to register as an offender. While that case was pending, he filed two K.S.A. 60-1501 petitions in Harvey County. In one of the petitions, Woods alleged that he was being unlawfully detained, confined, or restrained of liberty by the Harvey County Sheriff's Office because he was required to register as a sex offender as a consequence of his 1997 conviction. In the other petition, Woods asserted that he was being unlawfully detained, confined, or restrained of liberty by the Harvey County Sheriff's Office since he was obligated to register as a violent offender after his 2003 conviction.

Yet Woods was never incarcerated nor was he ever charged with failing to register in Harvey County. In his K.S.A. 60-1501 petitions, he alleged that previous legislative amendments—which necessitated that he submit to lifetime registration—did not apply to him. On February 13, 2025, the district court summarily dismissed the K.S.A. 60-1501 petitions because Woods was not in custody and had failed to assert a sufficient restraint on his liberty.

About a week later, Woods filed a motion to alter or amend the district court's decision. In the motion, he primarily repeated the same arguments that were presented in his K.S.A. 60-1501 petitions. Once again, Woods claimed that his liberty was sufficiently restrained to qualify for habeas corpus relief. Following a hearing, the district court

denied the motion because no judicial error occurred and no new evidence was presented to warrant correcting the previous journal entry of dismissal.

Thereafter, Woods timely appealed the district court's summary denial of both his K.S.A. 60-1501 petitions and the denial of his motion to alter or amend.

*Summary Denial of K.S.A. 60-1501 Petitions*

On appeal, Woods contends that the district court erred in summarily denying his K.S.A. 60-1501 petitions. He argues that his continuing obligation to register under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., violates both the United States Constitution and the Kansas Constitution. In response, the Harvey County Sheriff, Chad Gay, contends that the district court's summary denial of the K.S.A. 60-1501 petitions was appropriate because Woods was not detained, confined, or restrained of his liberty by a requirement to register under KORA. In addition, he argues that such constraint did not occur in Harvey County even if Woods was detained, confined, or restrained of his liberty.

Our review of a district court's summary denial of a K.S.A. 60-1501 petition is unlimited. *Denney v. Norwood*, 315 Kan. 163, 175, 505 P.3d 730 (2022). This is because we "are in just as good a position as the district court to determine whether it plainly appears from the face of the petition and any supporting exhibits that the [petitioner] is entitled to no relief." 315 Kan. at 175. Additionally, we have unlimited review of questions of law regarding whether a person's due process rights have been violated. *Thuko v. State*, 310 Kan. 74, 78, 444 P.3d 927 (2019).

A petition filed pursuant to K.S.A. 60-1501 "is a procedural means through which a prisoner may challenge the mode or conditions of his or her confinement." *Denney*, 315 Kan. at 172. Under K.S.A. 60-1501(a), any person that is "'detained, confined, or restrained of liberty on any pretense whatsoever'" can petition for a writ of habeas corpus in the county of their confinement. 315 Kan. at 173. Like the district court, we "must accept all well-pled factual allegations [contained in a K.S.A. 60-1501 petition] as true." 315 Kan. at 173. "But if it is apparent from the petition and attached exhibits that the petitioner is entitled to no relief, then no cause for granting a writ exists and the court must dismiss the petition." 315 Kan. at 173. And as the one alleging that he has been unlawfully detained, confined, or restrained of liberty, Woods carries the burden of proof. See 315 Kan. at 177.

To state a claim for relief under K.S.A. 60-1501, the petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). As the United States Supreme Court has explained, "shocking" treatment looks at whether "the behavior of the governmental officer is so egregious, [or] so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998).

Likewise, "freedom from physical restraint 'has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action.'" *Kansas v. Hendricks*, 521 U.S. 346, 356, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997). In other words, if one is "restrained of liberty," it means that an individual's physical freedom is limited. See *In re Habeas Corpus Application of Horst*, 270 Kan. 510, 516, 14 P.3d 1162 (2000). And a person on parole, probation, or bail may have standing to bring a habeas corpus action under the appropriate circumstances. See 270 Kan. at 518.

4

Woods argues that his K.S.A. 60-1501 petitions were sufficient to state a claim for relief because he alleged that he was unlawfully detained, confined, or restrained of liberty in Harvey County. He suggests that this detention, confinement, or restraint arose out of his requirement to register under KORA as a result of his Sedgwick County convictions in 1997 and 2003. Still, there is no allegation that Woods was incarcerated or charged with failing to register in Harvey County. Instead, it is undisputed that he was charged with failing to register in Butler County. Although it is unclear from the record, Woods evidently decided to file his K.S.A. 60-1501 petitions in Harvey County because he was residing there or intended to reside there at the time the petitions were filed.

To satisfy the procedural requirements of filing a K.S.A. 60-1501 petition, petitioners must file in the county in which they are confined. K.S.A. 60-1501(a); *Denney*, 315 Kan. at 173. In fact, Woods recognizes in his reply brief that he may have filed his K.S.A. 60-1501 petitions in the wrong county. But Woods' K.S.A. 60-1501 petitions do not allege that he was restrained in Harvey County. Consequently, we find that the district court's summary denial was appropriate. See K.S.A. 60-1502; 315 Kan. at 173.

We also note that Woods suggests—for the first time on appeal—that he falls under the umbrella of "confinement" because "he has now been convicted and placed on probation . . . for an attempted technical violation of his duties to register under KORA." But Woods fails to cite anything in the record to support this assertion. Here, the parties appear to agree that Woods pled guilty in his Butler County case and was sentenced to probation while this case was pending. Still, we do not know whether Woods is currently on probation as the record lacks this information. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013) ("'It is well-settled that the burden is on a party to designate a record sufficient to present its points to the appellate court and to establish its claims.'").

Nevertheless, even if Woods filed his K.S.A. 60-1501 petitions in the correct county, summary denial was still appropriate because neither petition alleged a violation of either the United States Constitution or the Kansas Constitution. Significantly, as the parties are aware, we must follow the precedent established by the Kansas Supreme Court. See *Hilburn v. Enerpipe Ltd.*, 309 Kan. 1127, 1138, 442 P.3d 509 (2019). In particular, our analysis is guided by *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016). In *Petersen-Beard*, our Supreme Court held that retroactive requirements for lifetime sex offender registration, under KORA, does not constitute cruel and unusual punishment that violates the Eighth Amendment to the United States Constitution. 304 Kan. at 209.

The Kansas Supreme Court has also explained that the KORA registration requirements "[are] not so onerous as to constitute punishment for purposes of applying the federal Constitution and therefore could not violate federal or state constitutional prohibitions against cruel and unusual punishment." *State v. Davidson*, 314 Kan. 88, 92, 495 P.3d 9 (2021). Similarly, our Supreme Court determined that the application of a continuing duty to register under KORA does not violate the Ex Post Facto Clause of the United States Constitution. 314 Kan. at 93-94.

Next, Woods claims that the district court failed to inform him of his duty to register arising out of his second-degree murder conviction in 2003. But the Kansas Supreme Court has previously held that a district court's failure to notify a defendant of their duty to register, under KORA, does not excuse the offender's statutory obligation to register. *State v. Marinelli*, 307 Kan. 768, 769, 415 P.3d 405 (2018). As our Supreme Court explained in *Marinelli*, KORA obligates an offender to register rather than the district court's order. 307 Kan. at 790.

Accordingly, we find that the district court's summary denial of Woods' K.S.A. 60-1501 petitions was appropriate. First, Woods filed the petitions in a county that he was

6

not detained, confined, or restrained in. Second, he failed to assert a sufficient restraint of his liberty that arose out of his duty to register under KORA. As a result, Woods is not entitled to relief. See K.S.A. 60-1502; *Denney*, 315 Kan. at 173; *In re Habeas Corpus Application of Horst*, 270 Kan. at 516, 518.

*Denial of Motion to Alter or Amend*

Woods also contends that the district court abused its discretion in denying his motion to alter or amend. We review a district court's denial of a motion to alter or amend under an abuse of discretion standard. *Florez v. Ginsberg*, 57 Kan. App. 2d 207, 218, 449 P.3d 770 (2019). A judicial action constitutes an abuse of discretion only if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. 57 Kan. App. 2d at 218. And the party asserting that the district court abused its discretion bears the burden of showing such abuse occurred. *In re A.S.*, 319 Kan. 396, 400, 555 P.3d 732 (2024).

Under K.S.A. 60-259(f), the purpose of a motion to alter or amend is to give a district court the opportunity to correct prior errors or mistakes. *Ross-Williams v. Bennett*, 55 Kan. App. 2d 524, 564, 419 P.3d 608 (2018). But a K.S.A. 60-259(f) motion is not the time to present new arguments or evidence that could have been presented before the district court issued the challenged ruling. 55 Kan. App. 2d at 564. In other words, motions to alter or amend—like motions to reconsider—are appropriate where a district court "'has obviously misapprehended a party's position, the facts, or [the] applicable law, or if the party produces new evidence that could not have been obtained through the exercise of due diligence.'" *State v. Wilson*, No. 114,203, 2016 WL 1169487, at *5 (Kan. App. 2016) (unpublished opinion) (quoting *Comeau v. Rupp*, 810 F. Supp. 1172, 1175 [D. Kan. 1992]).

Based on our review of the record on appeal, we do not find that the district court misunderstood Woods' legal position, made an error of law, or committed a mistake of fact. The record also reveals that Woods did not come forward with any new evidence in support of his position. Instead, Woods' motion to alter or amend basically repackages the unpersuasive arguments that he previously made to the district court in support of his K.S.A. 60-1501 petitions. See *Ross-Williams*, 55 Kan. App. 2d at 564.

At a hearing on the motion to alter or amend, the district court asked Woods' counsel if there were any new issues of law or questions of fact. It further requested that she point out any alleged misunderstanding. In response, Woods' counsel could only point to purported distinctions between the district court's ruling on her client's motion and the legal authorities cited by Woods. At the end of its colloquy with Woods' counsel, the district court concluded that Woods "essentially just disagree[d] with the Court's rulings."

In summary, we agree with the district court that Woods' motion to alter or amend does not establish "any judicial error or present[] any new evidence pursuant to K.S.A. 60-259(f) or related authority to warrant altering or amending [the district court's] previous order." Further, we find that the district court did not abuse its discretion in denying Woods' motion to alter or amend. See *Florez*, 57 Kan. App. 2d at 218. We, therefore, affirm the district court's summary denial of Woods' K.S.A. 60-1501 petitions as well as its denial of his motion to alter or amend under K.S.A. 60-259(f).

Affirmed.